**Donald J. FOUST**

v.

**CITY INSURANCE COMPANY.**

**No. MO 88 CA 232.**

United States District Court,
W.D. Texas,
Midland–Odessa Division.

Feb. 2, 1989.

Roger Jatko, Bell & Jatko, and Steve Hershberger, Warren Burnett, Inc., Odessa, Tex., for plaintiff.

James L. Wharton, Jones, Flygare, Galey, Moody & Brown, Lubbock, Tex., for defendant.

### ORDER AND REASONS

GEE, Circuit Judge.

Before the Court is the motion of Donald J. Foust, plaintiff, for a remand of this

cause, removed from the 385th District Court, Ector County, Texas, to that court. For reasons to be stated, the motion will be GRANTED.

*Facts*

This cause, modelled on the recent Texas Supreme Court decision in *Aranda v. Ins. Co. of North America,* 748 S.W.2d 210 (Tex.1988), asserts a bad faith failure by the defendant insurance company to pay certain worker's compensation and medical benefits claimed due him pursuant to Texas Worker's Compensation law. It is defendant's contention that its worker's compensation policy constitutes an "employee welfare benefit plan" under ERISA, 29 U.S.C. § 1001 *et seq.,* and that, as ERISA has preempted this area of state law, federal question jurisdiction exists. I am, however, unable to agree.[1]

ERISA excepts from its coverage a state worker's compensation plan if

"such plan is maintained solely for the purpose of complying with applicable worker's compensation laws or unemployment compensation or disability insurance laws...."

29 U.S.C. § 1003(b)(3).

Clearly this provision is intended to exempt state worker's compensation plans generally from preemption by ERISA.[2] The defendant, however, supported by various amici curiae (to whom I shall refer collectively as "defendant"), contends that for two reasons—each dependent on the same particular term in the worker's compensation exclusion—the worker's compensation plan with which we are concerned in this case does not fall within the language of the exclusion and is therefore preempted by ERISA despite it.

The term to which defendant points is the word "solely"; and the first contention based upon its presence is that, because Texas worker's compensation coverage is optional and not mandatory, plaintiff's employer did not maintain the plan "solely for the purpose of complying with applicable worker's compensation laws," as the language of the exclusion requires. The argument, a somewhat awkward one, seems to be that because the employer could have chosen either of two courses of action to comply with the Texas law, the one which he chose was not chosen "solely" to comply with that law. The contention would have considerable force had the employer simply purchased compensation coverage for his workers as a voluntary gesture in order to supplement their remedies against him for injuries on the job. This was not the case.

When Mr. Foust's employer decided to go into a business in Texas that required it to hire workers, Texas law confronted it with a choice: limited liability without fault to any worker injured on the job or unlimited liability only in the event of fault, but with no common law defenses. Buying compensation insurance elected the first course; not doing so, the second. The choice to depart the general common-law tort system had already been made by hiring workers. That done, the employer had no choice but to comply with the law, as one who dives from an aircraft must comply with that of gravity—gently by opening his parachute, violently by doing nothing. I conclude that whichever subsequent course he chose, his decision to go into a business that required him to hire workers committed him to complying with one or the other courses of the law. Whichever course the employer chose, and whether by action or inaction, it did so "solely" to

---

1. Amicus argues forcefully that, since the handing down of *Aranda,* conjoined "bad faith" tort claims have become all but a matter of course in actions to recover worker's compensation benefits. Assuming this to be the case, *arguendo,* it is not for this court to extract Texas from the situation into which its own courts have gotten it by torturing ERISA into a shape not intended by the Congress.

2. Earlier, Congress manifested a like intent to keep federal courts out of the state worker's compensation area. Recognizing that benefits had in some instances increased to such a point as to satisfy the "amount in controversy" requirement for diversity jurisdiction, Congress specifically exempted them from removal under that jurisdictional head or any other. 28 U.S.C. § 1445.

comply with Texas Worker's Compensation law, a law that either admitted it to the worker's compensation system or removed its defenses and relegated it to Texas common law, shorn of defenses.

 Next, again relying on the statutory term "solely," the defendant asserts that because its employee benefit plan offers a smorgasbord of benefits, of which worker's compensation is only one, because its worker's compensation plan is organically embedded in its employee benefit plan—a mere part of the whole—and because some benefits offered by its plan are not mandated by state law, its *plan* was not established "solely" to comply with Texas Worker's Compensation law. For several reasons, I do not agree.

In the first place, it is clearly the Congressional intent to leave the administration of ordinary worker's compensation programs that do no more than the law sets out to the states; and it is doubtful to me that an employer should be permitted to remove its plan from state control by voluntarily commingling it with other programs. In the second place, as the court judicially knows, the purchase of worker's compensation coverage by a Texas employer, even if other benefits are also contracted for by the same payment, is not a significant intermingling of the compensation program with the others. One who purchases such coverage for its employees has bought into an elaborate state system, providing a maze of specified benefits, an administrative agency to oversee their awarding and payment, and an appeal to the state courts by either party if he is dissatisfied with the administrative ruling. Such a plan or program is easily divisible from any other benefit programs with which it may be brigaded by the employer; indeed, it is almost impossible to combine it with any others to any significant degree. And in the third, I find no indication that the worker's compensation program of the employer is in fact combined significantly with any others. The employer's handbook describing its benefit programs, for example, refers to worker's compensation on only one of its 15 pages, and the entire reference is as follows:

"Worker's Compensation Leave of Absence or Disability Leave of Absence

"Full group insurance coverage will be continued during the period of such leave of absence. Weekly income benefits under the group insurance policy, however, do not apply to Worker's Compensation Leaves."

Such a passing and oblique reference to the program, in a handbook which undertakes to outline "Benefits of Employment" for plaintiff Foust and his co-employees, scarcely indicates that his employer viewed its worker's compensation program as an integral part of its broader benefit program. Nor does the booklet's introduction, which lists the benefits of employment as "clean and modern facilities; excellent equipment to work with; vacations; holidays; rest periods; leaves of absence; group health and life insurance and a retirement plan."

I conclude that the worker's compensation plan in today's case is within the stated exemption and hence is not preempted by ERISA. The Plaintiff's Motion to remand is therefore GRANTED.