**Kalvin D. DEAN**

v.

**TEXAS STEEL COMPANY.**

Civ. A. No. 4:92–CV–806–Y.

United States District Court, N.D. Texas, Fort Worth Division.

Sept. 30, 1993.

---

**213**

Edward L. Kemble, Clay D. Humphries, Fort Worth, TX, for plaintiff.

Bettye S. Springer, Robert W. Pevost, III, Fort Worth, TX, for defendant.

### ORDER GRANTING MOTION TO REMAND

MEANS, District Judge.

Pending before the Court is a motion to remand, filed November 10, 1992 and supplemented on January 7, 1993. After carefully considering said motion, response, reply, and the applicable law, this Court is of the opinion that the motion is meritorious and should be GRANTED.

Plaintiff in this cause is a former employee of Defendant who was injured on the job. Defendant, who opted not to subscribe to Texas workers' compensation coverage, subsequently terminated Plaintiff. Plaintiff brought an action against Defendant in the 236th District Court of Tarrant County, alleging that he was fired in retaliation for bringing a negligence claim against the de-fendant employer. Defendant removed the action to this Court, claiming that Plaintiff's claim is preempted by federal law. Plaintiff now moves the Court to remand the cause to state court.

Plaintiff cites 28 U.S.C. § 1445(c) in support of his position that the case is not removable. The statute provides that "[a] civil action in any State court arising under the workmen's compensation laws of such state may not be removed to any district court of the United States." Thus, if the plaintiff's claim "arises under" the workers' compensation laws of Texas, it cannot be removed to this Court.

Plaintiff brought his claim for retaliatory discharge pursuant to Texas Revised Civil Statutes Article 8307c § 1, which provides:

No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.

The first question that arises is whether an article 8307c claim arises under Texas workers' compensation law within the meaning of 28 U.S.C. § 1445(c). Although there once was a conflict on this question among Texas federal district courts, the Fifth Circuit has expressly held that 8307c claims do arise under workers' compensation law. *See Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1091 (1991). Thus, they are not removable. *Id.* at 1091–92. The next question is whether a retaliatory discharge action against an employer that does not subscribe to Texas workers' compensation coverage is an 8307c claim, and therefore not removable. Precisely this issue came before this Court last year, and the Court held that such a claim is within the ambit of 8307c. Accordingly, it remanded the cause to state court. *See Keyser v. Kroger Co.*, 800 F.Supp. 476, 477 (N.D.Tex.1992). The same result is required in the instant case.

Apart from following the doctrine of *stare decisis*, the Court remains persuaded by the arguments underlying the finding that 8307c applies to suits against nonsubscribers. Negligence actions against nonsubscribing employers are expressly contemplated by Texas workers' compensation law; indeed, several common-law defenses have been eliminated by statute. *See* Tex.Rev.Civ.Stat. Art. 8308–3.03. Moreover, courts have held that a retaliatory discharge claim can be brought pursuant to 8307c, even where the claim is against a nonsubscribing employer. *See Britt v. Suckle,* 453 F.Supp. 987, 993 (E.D.Tex.1978); *Hodge v. BSB Inv., Inc.,* 783 S.W.2d 310, 312–13 (Tex.App.–Dallas 1990, writ denied); *cf. Gibson v. Wyatt Cafeterias, Inc.,* 782 F.Supp. 331, 333 (E.D.Tex.1992) (in dicta, court discusses whether negligence action against nonsubscriber is brought pursuant to workers' compensation law). Defendant argues that recent changes in the workers' compensation law upon which much of the reasoning in *Britt* and *Hodge* was based indicates the legislature's intent to alter the law as it relates to retaliatory discharge claims against nonsubscribers. (Def.'s Resp. to Pl.'s Mot. to Remand at 5.) Defendant advances this argument despite the fact that 8307c was not among the sections of the workers' compensation code changed. The Court agrees with Plaintiff that if the legislature sought to abrogate the *Britt* and *Hodge* holdings it would not have chosen the oblique method suggested by Defendant.[1]

In determining that a negligence action against a nonsubscribing employer "arises under" Texas workers' compensation law, this Court is also guided by *Foust v. City Ins. Co.,* 704 F.Supp. 752 (W.D.Tex.1989) (Gee, J., sitting by designation). When a Texas business decides to hire employees,

> Texas law confront[s] it with a choice: limited liability without fault to any worker injured on the job or unlimited liability only in the event of fault, but with no common law defenses.... *The choice to depart the general common-law tort system [is] made [upon] hiring workers.*

*Id.* at 753 (emphasis supplied). The *Foust* case involved the question of whether an employee benefit plan was created solely for the purpose of complying with Texas workers' compensation law, thereby excepting it from ERISA's general policy of preemption. The court held that irrespective of whether an employer chooses to become a part of the workers' compensation system, it has no choice but to comply with the workers' compensation *law. See id.* (emphasis supplied). Similarly, this Court finds that a negligence action brought by an employee against an employer is commenced pursuant to Texas workers' compensation law, even if it not within the workers' compensation system.

■ Defendant also contends that Plaintiff's state 8307c claim is preempted by the Labor Management Relations Act ("LMRA") and ERISA. The Court is not persuaded by Defendant's arguments. Plaintiff has sued the defendant for wrongful discharge under Texas law. If Plaintiff's factual assertions are true, he will have advanced a valid claim regardless of the terms of the alleged collective bargaining agreement (which, Defendant contends, invokes federal LMRA jurisdiction). Similarly, Plaintiff's claim does not seek to enforce rights provided by ERISA; he seeks to enforce his right to not be retaliated against for asserting a negligence claim against his employer, which is a right provided by the State of Texas. Thus, Plaintiff's action does not arise under the Constitution, laws, or treaties of the United States within the meaning of 28 U.S.C. § 1331.

For the foregoing reasons, Plaintiff's motion to remand is GRANTED, and the above-styled and numbered cause is remanded to the 236th District Court of Tarrant County, Texas. To the extent that Plaintiff's motion includes a request for attorney's fees pursuant to 28 U.S.C. § 1447(c), it is DENIED.

---

1. Defendant asserts that by repealing article 8306 § 4, which expressly set forth the rights of employees of a nonsubscribing employer, and adding article 8308–3.03, which eliminates certain common law defenses to negligence as they relate to employees of nonsubscribers, the legislature intended to place retaliatory discharge claims against nonsubscribers outside the scope of workers' compensation law, and, therefore, outside of 8307c. The Court finds this argument wholly without merit and would sooner find that *Hodge* and *Britt* were wrongly decided.

It is further ORDERED that the clerk of this Court mail a certified copy of this order to the clerk of the 236th Judicial District Court of Tarrant County, upon receipt of which, that court may proceed with the action according to the laws and procedures of the State of Texas.

SO ORDERED.