Paulita FIGUEROA, Plaintiff,

v.

HEALTHMARK PARTNERS, L.L.C.,
d/b/a Gulf Health Care Center–
Texas City, Defendant.

No. Civ.A. G–00–570.

United States District Court,
S.D. Texas,
Galveston Division.

Dec. 15, 2000.

Joseph Sullivan Jaworski, Simpson Beeton et al., Galveston, TX, for Paulita Figueroa, plaintiff.

Leighton Aiken, Owens Clary & Aiken, Dana M. Campbell, Owens Clary & Aiken, Dallas, TX, for Healthmark Partners, L.L.C., dba, Gulf Health Care Center–Texas City, defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

KENT, District Judge.

Plaintiff Paulita Figueroa brings this personal injury action against Defendant Healthmark Partners, L.L.C. d/b/a Gulf Health Care Center–Texas City. Now before the Court is Plaintiff's Motion to Remand filed October 10, 2000. For the reasons stated below, Plaintiff's Motion to Remand is **GRANTED**.

### I. BACKGROUND

Plaintiff filed suit against Defendant in the 212th District Court of Galveston County, Texas on August 24, 2000 asserting the applicability of the Texas Workers' Compensation Act Section 406.033. *See* Tex. Labor Code Ann. § 406.033. Defendant was served with notice of suit on August 30, 2000 and then timely filed its Notice of Removal with this Court on September 21, 2000, alleging diversity jurisdiction. Thereafter, on October 11, 2000, Plaintiff filed her Motion to Remand urging that 28 U.S.C. § 1445(c) prohibits re-

moving this action because this is a case "arising under the workmen's compensation laws" of the State of Texas. 28 U.S.C. § 1445(c). Defendant, however, disagrees and argues that Plaintiff's cause of action arises under the common law, not the workers' compensation act. The Court now finds, for the reasons stated below, that Plaintiff's Motion to Remand should be **GRANTED.**

## II. ANALYSIS

■ At the outset, the Court notes that Defendant, as the removing party, must carry the burden of establishing the existence of federal jurisdiction. *See Hummel v. Townsend,* 883 F.2d 367, 369 (5th Cir.1989); *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Accordingly, any doubts surrounding removal must be resolved in favor of remanding the action to state court. *See Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir.2000), *cert. denied,* —— U.S. ——, 120 S.Ct. 2658, 147 L.Ed.2d 273 (2000).

Defendants allege jurisdiction in this case based upon diversity of citizenship. Of course diversity of citizenship exists when the parties to the action reside in different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Plaintiff does not dispute that diversity of citizenship exists but instead urges that 28 U.S.C. § 1445(c) bars removal of this case. Section 1445(c) declares that:

> A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

28 U.S.C. § 1445(c). The disposition of this motion, therefore, turns on whether or not this case arises under workers' compensation laws of Texas.

Texas law does not require employers to obtain workers' compensation insurance coverage.[1] *See* Tex. Labor Code Ann. § 406.002(a). However, employers making the decision on whether to subscribe must face a Texas statutory scheme that wields both a stick and a carrot. Employers who elect to purchase workers' compensation coverage gain the benefit of no-fault, but limited financial liability. *See id.* at § 406.031. By contrast, a nonsubscribing employer must defend itself against personal injury actions brought by employees without the benefit of several common law defenses.[2] *See id.* at § 406.033.

■ Defendant, here, was a nonsubscriber to the Texas workers' compensation insurance program. Plaintiff maintains that because the Texas Workers' Compensation Act prevents a nonsubscriber, like Defendant, from asserting certain common law defenses to an employee's lawsuit, this action "arises under" the Texas workers' compensation scheme. This is an issue of first impression for the Court. However, several other federal courts within the State of Texas have discussed this issue and come to contradictory conclusions. *Compare Pyle v. Beverly Enters.–Texas, Inc.,* 826 F.Supp. 206 (N.D.Tex.1993) (holding that removal is proper), *with Dean v. Texas Steel Co.,* 837 F.Supp. 212 (N.D.Tex.1993) (ordering remand); *see also Eurine v. Wyatt Cafeterias, Inc.,* 1991 WL 207468 (N.D.Tex. Aug. 21, 1991) (determining that a negligence action does not "arise under" the Texas worker's compensation statute).

The policy of nonremovability embodied in 28 U.S.C. § 1445(c) "represents a con-

---

**1.** Texas law also provides employees with the ability to waive workers' compensation coverage for themselves and preserve their right to sue their subscribing employer for work related injuries. *See id.* at § 406.034. However, an employee who waives coverage must sue an employer re-armed with all common law defenses. *See id.* at § 406.034(d).

**2.** The employer cannot assert the defenses of: (1) contributory negligence; (2) assumption of the risk; or (3) negligence by a fellow employee. *See* Tex. Labor Code Ann. § 406.033(a).

cern for the states' interest in administering their own worker's compensation laws and limiting the flow of these essentially local disputes into the federal courts." 14C Charles Alan Wright et al., Federal Practice & Procedure § 1329 (3d ed. 1998). Section 1445(c) denotes an effort by Congress to restrict the district courts' diversity jurisdiction in order to relieve the collectively overburdened docket of the federal courts. *See Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1091 (5th Cir. 1991). Courts have therefore construed Section 1445(c) broadly in order to further this purpose. *See id.* at 1092; *accord Trevino v. Ramos*, 197 F.3d 777, 781 (5th Cir. 1999).

■ In an attempt to give Section 1445(c) greater meaning, the Fifth Circuit has established that the "arising under" language of 28 U.S.C. § 1445(c) assumes the same meaning as the "arising under" language of 28 U.S.C. § 1331, the federal question statute. *See Jones*, 931 F.2d at 1092. As such, under 28 U.S.C. § 1445(c), as in federal question jurisprudence, a "suit arises under the law that creates the cause of action." *Id.* (internal quotations omitted); *see also Eurine*, 1991 WL 207468 at *1 (holding that a case arises under the worker's compensation laws if "the cause of action is created by the workers' compensation statute.").

As mentioned, Defendant characterizes Plaintiff's lawsuit as a common law negligence action. The Court disagrees. Plaintiff's action "is completely provided for and described in the Workmen's Compensation Act." *Britt v. Suckle*, 453 F.Supp. 987, 993 (E.D.Tex.1978). By opting to hire workers in Texas, Defendant made "[t]he choice to depart the general common-law tort system." *Foust v. City Ins. Co.*, 704 F.Supp. 752 (W.D.Tex.1989) (Gee, J., Fifth Circuit

Judge, sitting by designation). In other words, a "negligence action brought by an employee against an employer is commenced pursuant to Texas workers' compensation law, even if [the employer is a nonsubscriber]." *Dean*, 837 F.Supp. at 214.[3]

■ Moreover, although the question of removability is controlled by federal law, the manner in which Texas courts construe the Texas Act also persuades this Court that the Texas worker's compensation laws "create" Plaintiff's cause of action. *See Jones*, 931 F.2d at 1092. One Texas intermediate court of appeals was faced with determining whether an employee's suit against a nonsubscribing employer is " 'an action to collect benefits ... under the workers' compensation laws of Texas.' " *Kroger v. Keng*, 976 S.W.2d 882, 891 (Tex. App.—Tyler 1998) ("Kroger I") *aff'd on other grounds*, 2000 WL 1199267 (Tex. Au. 24, 2000) ("Kroger II"). The *Kroger I* court noted that a plaintiff has a "statutory burden" to prove the nonsubscribing employer's negligence. *Id.* The court seemed to suggest that, although the common law provides guidance, a plaintiff's action against a nonsubscribing employer is nonetheless brought " 'under the [Act].' " *Id.* In *Kroger II*, the Texas Supreme Court reviewed the *Kroger I* decision, and declined to address this holding, instead affirming for other reasons. *See Kroger II*, 2000 WL 1199267. However, the Texas Supreme Court did state that the Texas Workers' Compensation Act is "intended to delineate explicitly the structure of an employee's personal-injury action against his or her nonsubscribing employer." *Id.* These Texas cases recognize the comprehensive nature of the Texas worker's compensation scheme and thus further persuade the Court that Plaintiff's action is one "arising

**3.** Defendant relies heavily upon *Ehler v. St. Paul Fire & Marine Ins. Co.*, 66 F.3d 771 (5th Cir.1995), in which the Fifth Circuit held that an employee's claim for rescission of a personal injury suit settlement contract, based upon the employer's fraud, did not arise under the worker's compensation laws. Unlike the situation presented to the *Ehler* court,

however, in which the "Texas Workers' Compensation Act ... [did] not provide for the specific [rescission] right of action asserted by [Plaintiff]," the present action by Plaintiff is fully provided for within the act. *Id.* at 773. Thus, *Ehler* does not control the Court's inquiry.

under" the workers' compensation laws of Texas.

### III. CONCLUSION

There is no dispute that the Court would have jurisdiction over this removed action were it not for 28 U.S.C. § 1445(c). However, because Plaintiff's action does arise under the workers' compensation laws of this state, the Court has no choice but to remand this action to the state court from which it was removed. The Court respectfully disagrees with the decisions of its sister courts that are to the contrary. Accordingly, Plaintiff's Motion to Remand is **GRANTED.** As such, this action is hereby **REMANDED,** pursuant to 28 U.S.C. § 1447(c), to the 212th District Court of Galveston County, Texas. Furthermore, pursuant to the clear language of 28 U.S.C. § 1447(d), this Order of Remand is unreviewable, by appeal or otherwise. *See Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 127–28, 116 S.Ct. 494, 496–97, 133 L.Ed.2d 461 (1995); *Tramonte v. Chrysler Corp.,* 136 F.3d 1025, 1027 (5th Cir.1998). The parties shall seek any and all further relief in the appropriate state court.

**IT IS SO ORDERED.**