Tommy L. SMITH,

v.

TUBAL–CAIN INDUSTRIES, INC.

No. 1:01–CV–436.

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 17, 2001.

Curtis Wayne Leister, Reaud Law Firm, Beaumont, TX, for plaintiff.

Roxella T. Cavazos, Thompson & Knight, Houston, TX, for defendant.

### *MEMORANDUM OPINION*

COBB, District Judge.

Defendant Tubal–Cain Industries, Inc., plaintiff's employer, elected not to continue to carry workers' compensation insurance, and substituted its Occupational Injury Benefit Plan in its stead. Plaintiff enrolled in this plan, and to complete his

enrollment, he was required him to sign the following form:

> In consideration of my participation in the TUBAL–CAIN IND. INC. Occupational Injury Benefit Plan and my eligibility to receive its benefits, I hereby agree to the above and to abide by the terms of The Plan Documents. I further understand that this Plan is the sole authorized source of benefits for any occupational injury I may sustain while employed by TUBAL–CAIN IND. INC. whether or not the injury occurs within the State of Texas or elsewhere. I certify that I have been advised that TUBAL–CAIN IND. INC. *does not carry Workers Compensation Insurance.* Therefore, as consideration for my eligibility to participate under this Occupational Injury Benefit Plan, I *am not eligible for* benefits under the statutory workers' compensation systems of Texas or any other state. Additionally, I understand that receipt of this booklet does not constitute an employment contract nor does payment of any benefit(s) hereunder constitute an admission of liability on the part of the Company.

(P. 14 of Defendant's Plan attached to Opposition to Motion to Remand.)

In addition, in § 5.4 lists exclusions in order for an employee to participate in this "ERISA" plan, listing them "a" through "u." Those exclusions include, under § 5.4(u):

> (u) all statutory causes of action including, without limitation, Title VII of the Civil Rights Act of 1964, Civil Rights Act of 1991, Civil Rights Act of 1866, Age Discrimination in Employment Act, Employee Income Security Act, Fair Labor Standards Act, Bankruptcy Code, Texas Commission on Human Rights Act, Texas Workers' Compensation Act, Rail-

way Labor act and National Labor Relations Act.

(p. 10–11 of Plan.)

██ Plaintiff claims he received an injury in the course and scope of his employment and brought this suit seeking damages because of Tubal–Cain's negligence. Removal was promptly effected by Tubal–Cain on the basis of alleged ERISA preemption.

In its response to plaintiff's motion to remand, it attempts to distinguish this case from *Hook v. Morrison Milling Co.,* 38 F.3d 776 (5th Cir.1994) because (according to defendant's counsel), *Hook* was decided on this issue of waiver, and there was no waiver here. If exclusion 5.4(u) and the enrollment form do not constitute waivers of TWCA, as well as waivers under every civil rights act from 1866 to present, and ADEA, ERISA, and ADA (incorporated in Civil Rights Act of 1991), Bankruptcy Code, FELA, LHWA Compensation Act, Migrant Workers Act, National Labor Relations Act of 1935, this judge has never seen a waiver. Public policy considerations of Texas and the United States will have to determine the validity of such waivers and exclusions given in advance.

But wait—there is more. Even if the employee elects to be so restricted, he cannot sue for any reason. He agrees to binding arbitration by three arbiters selected, of course, by the company. An appeal is allowed to be taken to "appellate arbiters," who are selected in a manner approved by the American Arbitration Association, i.e., each party select one, and the third is chosen by those two.

██ By signing the "ERISA" enrollment document, and stating he had read and understood the Occupation Injury Plan, the plaintiff knowingly, willingly, and intentionally gave up rights secured to him

by the laws of Texas and the laws of the United States. Or at least this is what the defendant urges this court to hold. ERISA was enacted to protect employees, not strip them of numerous rights. Defendant's position is that ERISA was enacted to protect employers, and can be used to take away numerous rights secured to the employees by Congressional Acts starting in 1866, down to this date. The court refuses so to do.

■ Another reason that this case should be remanded is the application of 28 U.S.C. § 1445(c), which provides:

[a] civil action by any State court arising under the workmen's compensation laws of such state may not be removed to any district court of the United States.

*Dean v. Texas Steel Company,* 837 F.Supp. 212 (N.D.Tex.1993).

In a well reasoned opinion, Judge Means held in *Dean:*

Apart from following the doctrine of *stare decisis,* the Court remains persuaded by the arguments underlying the finding that 8307c applies to suits against nonsubscribers. Negligence actions against nonsubscribing employers are expressly contemplated by Texas workers' compensation law; indeed, several common-law defenses have been eliminated by statute. *See* TEX.REV. CIV.STAT. Art. 8308–3.03. Moreover, courts have held that a retaliatory discharge claim can be brought pursuant to 8307c, even where the claim is against a nonsubscribing employer. *See Britt v. Suckle,* 453 F.Supp. 987, 993 (E.D.Texas 1978); *Hodge v. BSB Inv., Inc.,* 783 S.W.2d 310, 312–13 (Tex.App.—Dallas 1990, writ denied); *cf. Gibson v. Wyatt Cafeterias, Inc.,* 782 F.Supp. 331, 333 (E.D.Tex.1992) (in dicta, court discusses whether negligence action against non-

subscriber is brought pursuant to workers' compensation law).

and further:

In determining that a negligence action against a nonsubscribing employer "arises under" Texas workers' compensation law, this Court is also guided by *Foust v. City Ins. Co.,* 704 F.Supp. 752 (W.D.Tex.1989) (Gee, J., sitting by designation). When a Texas business decides to hire employees,

Texas law confront[s] it with a choice: limited liability without fault to any worker injured on the job or unlimited liability only in the event of fault, but with no common law defenses.... *The choice to depart the general common-law tort system [is] made [upon] hiring workers.*

*Id.* at 753 (emphasis supplied). The *Foust* case involved the question of whether an employee benefit plan was created solely for the purpose of complying with Texas workers' compensation law, thereby excepting it from ERISA's general policy of preemption. The court held that irrespective of whether an employer chooses to become a part of the workers' compensation system, it has no choice but to comply with the workers' compensation *law. See id.* (emphasis supplied). Similarly, this Court finds that a negligence action brought by an employee against an employer is commenced pursuant to Texas workers' compensation law, even if it not within the workers' compensation system.

*See also* Judge Kent's opinion in *Figueroa v. Healthmark Partners,* 125 F.Supp.2d 209 (S.D.Texas 2000) for a full discussion of this type of case in which removal to a federal court has been barred by an act of the Congress of the United States.

In view of these authorities, and the cases cited within those opinions, this case is REMANDED to the state court from

whence it came. An order of remand will be entered this date.