ILLINOIS NATIONAL INS.
CO. Plaintiff,

v.

HAGENDORF CONSTRUCTION
CO., INC. Defendant.

No. Civ.A.SA–03–CA1087XR.

United States District Court,
W.D. Texas,
San Antonio Division.

Sept. 7, 2004.

Harrison H. Yoss, Thompson, Coe, Cousins & Irons, LLP, Dallas, TX, for Plaintiff.

Bernard W. Fischman, San Antonio, TX, for Defendant.

## ORDER

RODRIGUEZ, District Judge.

On this date, the Court considered Plaintiffs' Motion for Summary Judgment (docket no. 17).

### I.

### Facts and Procedural Background

Plaintiff seeks a declaration that it owes no duty to defend and/or indemnify Hagendorf Construction Company under a commercial business automobile policy in a personal injury lawsuit styled *Frank Prieto v. Hagendorf Construction Company, Inc.*; Cause No.2003–CI–10194 in the 166th Judicial District Court of Bexar County, Texas ("Underlying Lawsuit"). Prieto alleges that he was a "domestic employee" of Hagendorf Construction Company, Inc. He alleges that on April 4, 2003, during the course and scope of his employment, he was driving a vehicle owned by Defendant. He alleges that the brakes failed, causing a "turn over" and his eject from the car, which caused him severe injuries. He alleges that Defendant was negligent in maintaining the vehicle, failing to repair the vehicle, and failing to provide a safe workplace. Plaintiff contends that two exclusions in the policy entitle them to summary judgment and a declaration that there is no duty to defend or indemnify.

### II.

### Analysis

#### A. The Eight Corners Rule

■ If a petition does not allege facts within the scope of coverage, an insurer under a liability policy is not required to defend a suit against its insured. *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines*, 939 S.W.2d 139, 141 (Tex. 1997). To determine an insurer's duty to defend, a court applies the "eight-corners" rule, comparing the factual allegations in the pleadings with the language of the insurance policy. *Id.* In applying that rule, the court must focus on the factual allegations that show the origin of the damages rather than on the legal theories alleged, give a liberal interpretation to the allegations in the petition, and resolve doubts in favor of coverage. *Id.* However, the court may not read facts into the pleadings, may not look outside the pleadings, and may not "imagine factual scenarios which might trigger coverage." *Id.* at 142; *St. Paul Ins. Co. v. Texas Dept. of Transp.*, 999 S.W.2d 881, 885 (Tex.App.— Austin 1999, pet. denied). An insurer's duty to defend arises if the factual allegations against the insured, when fairly and reasonably construed, state a cause of action potentially covered by the policy. *Nat'l Union*, 939 S.W.2d at 141. A duty to defend any of the claims against an insured requires the insurer to defend the entire suit. *Stumph v. Dallas Fire Ins. Co.*, 34 S.W.3d 722, 728 (Tex.App.—Austin 2000, no pet.).

#### B. The Underlying Lawsuit

As stated above, in the Underlying Lawsuit, Prieto alleges that he was a "domestic employee" of Hagendorf Construction Company, Inc. He alleges that on April 4, 2003, during the course and scope of his employment, he was driving a vehicle owned by Defendant. He alleges that the brakes failed, causing a "turn over" and his eject from the car, which caused him severe injuries. He alleges that Defendant was negligent in maintaining the vehicle, failing to repair the vehicle, and failing to provide a safe workplace.

#### C. The Insurance Policy

The Business Auto Coverage obtained by Hagendorf Construction Company, Inc. was effective from July 9, 2003 through July 9, 2003. An addendum listed five drivers. Mr. Prieto was not listed as a

driver. The addendum also identified various vehicles to be covered. The 1974 Dodge truck which Prieto identified in his original petition as the vehicle he was driving at the time of his injury was not listed. A 1974 Ford Water truck, however, was identified.

Section IIA of the policy states, in part: "we will pay all sums an Insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership; maintenance or use of a covered auto."

Section IIB titled "Exclusions" states: This insurance does not apply to any of the following:

\* \* \* \* \* \*

### 3. WORKERS COMPENSATION

Any obligation for which the insured or the insured's insurer may be held liable under any workers compensation, disability benefits or unemployment compensation law or any similar law.

### 4. EMPLOYEE INDEMNIFICATION AND EMPLOYER'S LIABILITY

Bodily injury to:

a. An employee of the insured arising out of and in the course and scope of employment by the Insured;

\* \* \* \* \* \*

This exclusion applies:

(1) Whether the Insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to bodily injury to domestic employees not entitled to workers compensation benefits or to liability assumed by the insured under an insured contract.

### D. The parties' contentions

Illinois National argues that Prieto was employed by Hagendorf Construction Company, and at the time of his injury he was in the course and scope of his employment driving a water truck. It argues that even though Hagendorf is a nonsubscriber, as that term is defined under the Texas Worker's Compensation Act, the workers compensation exclusion cited above is applicable. It also argues that exclusion four cited above applies. It claims that Prieto is making a claim for bodily injury that arose out of and in the course and scope of his employment with Hagendorf. It further argues that the domestic employee exception to exclusion four is not applicable because Prieto was not a domestic employee.

Hagendorf does not respond to Plaintiff's argument that the workers compensation exclusion is applicable. It responds, however, that Prieto has pled that he was a domestic employee in his original petition and that the "eight corners rule" mandates that a duty to defend exists, even though it may later be found that there is no duty to indemnify.

### E. Worker's Compensation Exclusion

 Texas law does not require a nongovernmental employer to provide workers' compensation coverage. Tex. Labor Code § 406.002. Hagendorf elected not to provide worker's compensation benefits for its employees, and was thus considered a nonsubscriber under the Texas Worker's Compensation Act. The question before this Court is whether Prieto's claim is an obligation for which Hagendorf may be held liable under any workers compensation law.

The defenses and burden of proof applicable in nonsubscriber cases are dictated by Texas Labor Code § 406.033. Pursuant to section 406.033, nonsubscribing employ-

ers are not allowed to avail themselves of certain common-law defenses, such as contributory negligence, the fellow servant rule, or assumption of risk. *Id.; Britt v. Suckle,* 453 F.Supp. 987 (E.D.Tex.1978). Given the above, the Court concludes that when an employee, such as Mr. Prieto, brings a negligence suit against his non-subscribing employer, such a suit arises under the Texas Worker's Compensation Act. Prieto's lawsuit is not simply a common law negligence action. Prieto's lawsuit "is completely provided for and described in the Workmen's Compensation Act." *Figueroa v. Healthmark Partners, L.L.C.,* 125 F.Supp.2d 209, 211 (S.D.Tex. 2000). In addition, in determining whether suits against nonsubscribing employers could be removed to federal court or whether they arose out of a state worker's compensation law (and thus barred from removal by 28 U.S.C. § 1445(c)), various federal courts in Texas have held that such suits were commenced pursuant to the Texas Worker's Compensation Act, even though the employer is a nonsubscriber. *See e.g. Figueroa v. Healthmark Partners, L.L.C.,* 125 F.Supp.2d 209 (S.D.Tex.2000); *Smith v. Tubal–Cain Industries, Inc.,* 196 F.Supp.2d 421, 423 (E.D.Tex.2001); *Dean v. Texas Steel Co.,* 837 F.Supp. 212 (N.D.Tex.1993). Inasmuch as Mr. Prieto's claim is an obligation for which Hagendorf may be held liable under section 406.033, the workers compensation exclusion applies.

## F. Conclusion

Because the workers compensation exclusion contained in the policy applies, Illinois National has no duty to defend Hagendorf in the Prieto suit. Because Illinois National has no duty to defend, it owes no duty to indemnify Hagendorf in the Prieto lawsuit. *Malone v. Scottsdale Ins. Co.,* 147 F.Supp.2d 623 (S.D.Tex. 2001). Because the Court concludes that the workers compensation exclusion de-

feats coverage, the Court does not address whether exclusion four would apply or whether the domestic exception is applicable.

The Court concludes that, for the reasons stated above, Plaintiffs' Motion for Summary Judgment (Docket no. 17) is GRANTED. Defendant's counterclaim is DISMISSED. All parties are to bear their own costs and attorney's fees. The Clerk is directed to enter Judgment in accordance with this Order.