02-08-280-CV












 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-08-00280-CV

 

 


 
 
 Paul Robertson
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Home State County Mutual Insurance Company
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 48th District Court OF Tarrant COUNTY

----------

 

OPINION
ON EN BANC RECONSIDERATION

----------

         
A majority of the court ordered en banc reconsideration of the court’s opinion
on rehearing.  See Tex. R. App. P. 49.7.  We withdraw our
opinion and judgment of July 15, 2010, and substitute the following in their
place.

I.  Introduction

         
Appellant Paul Robertson obtained a judgment against his employer, Ray
Redi-Mix, Inc., for damages for personal injuries that he sustained while on
the job.  Appellee Home State County Mutual Insurance Company, Redi-Mix’s
transportation insurer, denied coverage under several exclusions contained in
Redi-Mix’s policy of insurance for Robertson’s claims against Redi-Mix and
obtained a summary judgment against Robertson based on those exclusions. 
Robertson argues that the trial court erred by granting Home State’s motion for
summary judgment.  We will affirm.

II.  Factual and Procedural Background

         
According to Robertson’s first amended original petition, Redi-Mix employed him
as a truck driver.  On November 3, 2005, Robertson informed Redi-Mix that
the truck that he had been assigned to drive had a defective tarp, but Redi-Mix
instructed him to make do with the tarp that he had.  The next day, the
tarp malfunctioned, causing Robertson to sustain bodily injuries.

         
Redi-Mix did not provide workers’ compensation insurance coverage to its
employees.  It did, however, have a commercial automobile liability
insurance policy issued by Home State (the Policy) that provided coverage for
“all sums an insured legally must pay as damages because of bodily injury or
property damage to which [the] insurance applies, caused by an accident and
resulting from the ownership, maintenance or use of a covered auto.”  The
Policy contained the following relevant exclusions to which coverage did not
apply:

3.      
WORKERS COMPENSATION

 

         
Any obligation for which the insured or the insured’s insurer
may be held liable under any workers compensation, disability benefits or
unemployment compensation law or any similar law.

 

4.      
EMPLOYEE INDEMNIFICATION AND EMPLOYER’S LIABILITY

 

         
Bodily injury to:

 

         
a.       An employee of the insured arising out
of and in the         course of employment by
the insured; or

 

         
b.       The spouse, child, parent, brother or
sister of that employee as a consequence of paragraph a. above.

 

         
This exclusion applies:

 

(1)    
Whether the insured may be liable as an employer or in any other capacity; and

 

(2)    
To any obligation to share damages with or repay someone else who must pay
damages because of the injury.

 

         
But this exclusion does not apply to bodily injury to domestic employees not
entitled to workers compensation benefits or to liability assumed by the
insured under an insured contract.  [Emphasis added.]

 

         
Robertson sued Redi-Mix for the injuries that he sustained on November 4, 2005,
and he sought a declaratory judgment that Home State had a duty to defend, to
indemnify, or to both defend and indemnify Redi-Mix for his claims against
Redi-Mix.  Home State filed a counterclaim seeking a declaratory judgment
that it had neither a duty to defend nor a duty to indemnify Redi-Mix for the
claims made by Robertson against Redi-Mix because the workers’ compensation and
employee exclusions contained in the Policy applied to exclude coverage under
the Policy.  Robertson obtained a final judgment against Redi-Mix for,
among other things, damages in the amount of $967,631.52, and the trial court
severed Robertson’s suit against Redi-Mix from his remaining claim against Home
State.

         
Home State moved for summary judgment on the grounds (1) that coverage
under the Policy for Robertson’s claims against Redi-Mix is excluded under the
workers’ compensation exclusion, (2) that coverage under the Policy for
Robertson’s claims against Redi-Mix is excluded under the employee exclusion
and did not fall within the “domestic employees” exception, and (3) that
the truck to which Robertson was assigned when he sustained injuries is not a
listed vehicle under the Policy.  The trial court granted Home State’s
motion for summary judgment on two grounds:  that Robertson’s claims
against Redi-Mix are excluded under both the workers’ compensation and employee
exclusions.  Robertson appeals.

III.  Standard of Review

         
In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that
no genuine issue of material fact exists and that the movant
is entitled to judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We review a
summary judgment de novo.  Travelers Ins. Co. v.
Joachim, 315 S.W.3d 860, 862 (Tex. 2010). 
We take as true all evidence favorable to the nonmovant,
and we indulge every reasonable inference and resolve any doubts in the nonmovant’s favor.  20801, Inc.
v. Parker, 249 S.W.3d 392, 399 (Tex. 2008); Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d
211, 215 (Tex. 2003).  We consider the evidence presented in the
light most favorable to the nonmovant, crediting
evidence favorable to the nonmovant if reasonable
jurors could and disregarding evidence contrary to the nonmovant
unless reasonable jurors could not.  Mann Frankfort, 289 S.W.3d at 848.  We must
consider whether reasonable and fair-minded jurors could differ in their
conclusions in light of all of the evidence presented.  See
Wal-Mart Stores, Inc. v. Spates, 186 S.W.3d 566,
568 (Tex. 2006); City of Keller v. Wilson, 168 S.W.3d
802, 822–24 (Tex. 2005).

IV.  Employee Exclusion and Domestic Employees Exception

         
In his second issue, Robertson argues that the trial court erred by granting
Home State’s motion for summary judgment on the ground that coverage under the
Policy for Robertson’s claims against Redi-Mix is excluded under the employee
exclusion.  Robertson contends that the “domestic employees” exception to
the employee exclusion applies to extend coverage to him under the Policy
because he was “employed in the United States” and because he was not entitled
to workers’ compensation benefits as an employee of Redi-Mix, a nonsubscriber.
 Robertson thus advocates interpreting “domestic employees” to mean
persons who work in the United States as opposed to persons who perform certain
duties at a personal residence.  Alternatively, he argues that the term
“domestic employees” is, at the very least, ambiguous and, therefore, that we
must adopt his interpretation of the provision.

         
In an insurance coverage case, the insured has the burden of establishing
coverage under the terms of the policy.  Gilbert Tex.
Constr., L.P. v. Underwriters at Lloyd’s London, 327 S.W.3d
118, 124 (Tex. 2010).  If the insured proves coverage, then to
avoid liability the insurer must prove that the loss is within an exclusion.  Id.  If the insurer proves
that an exclusion applies, the burden shifts back to
the insured to show that an exception to the exclusion brings the claim back
within coverage.  Id.  In this case, there is no dispute that
Robertson was an employee of Redi-Mix.  Our analysis therefore focuses on
the applicability of the “domestic employees” exception to the employee
exclusion.

         
Generally, courts construe insurance policies according to the same rules of
construction that apply to contracts.  Nat’l Union
Fire Ins. Co. of Pittsburgh, Pa. v. Crocker, 246 S.W.3d
603, 606 (Tex. 2008).  Enforcing the parties’ expressed intent is
our primary concern.  Forbau v. Aetna Life Ins. Co., 876 S.W.2d
132, 133 (Tex. 1994).  The policy’s terms are given their ordinary
and generally accepted meaning unless the policy shows that the words were
meant in a technical or different sense.  Gilbert Tex. Constr., L.P.,
327 S.W.3d at 126.  If
terms in the contract can be given a definite or certain legal meaning, they
are not ambiguous, and the court will construe the contract as a matter of
law.  Nat’l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.,
907 S.W.2d 517, 520 (Tex. 1995).  However, if a
contract of insurance is susceptible to more than one reasonable interpretation
and is, thus, ambiguous, we must resolve the uncertainty by adopting the
construction that most favors the insured.  Nat’l Union Fire Ins. Co.
of Pittsburgh, Pa. v. Hudson Energy Co., Inc., 811 S.W.2d
552, 555 (Tex. 1991).  An ambiguity does not exist simply because the
parties interpret a policy differently.  See Am. Mfrs. Mut. Ins. Co. v. Schaefer, 124 S.W.3d 154, 157 (Tex.
2003).

         
Generally, the term “domestic” has several accepted meanings.  It is
defined as both “relating to the household or the family” and “relating and
limited to one’s own country.”  Webster’s Third New
Int’l Dictionary 671 (3d ed. 2002).  In
light of these two definitions, Robertson argues that a “domestic employee”—as
used in the Policy’s employee exclusion—is a person who works in the United
States or, alternatively, that the term is ambiguous because there is more than
one accepted meaning.  However, Robertson’s arguments disregard a
fundamental rule of contract construction:  the requirement that we
examine the entire writing in an effort to harmonize and give effect to all
provisions of the contract so that none are rendered meaningless.  See
Coker v. Coker, 650 S.W.2d 391,
393 (Tex. 1983).  Indeed, “‘[n]o one phrase, sentence, or section
[of the policy] should be isolated from its setting and considered apart from
the other provisions.’”  Don’s Bldg. Supply, Inc. v.
OneBeacon Ins. Co., 267 S.W.3d 20, 23 (Tex.
2008).  But this is exactly what Robertson does—he isolates
“domestic employees” from the “not entitled to workers compensation benefits”
part of the exception.  As demonstrated below, the “not entitled to workers
compensation benefits” language plays a pivotal role in determining who
qualifies as a “domestic employee” not because the language refers to employees
of a nonsubscriber, as Robertson reads the provision, but because when read
together with “domestic employees,” it becomes clear that the parties intended
to except from the employee exclusion a particular type of employee that is
specifically identified in the Texas Workers’ Compensation Act (TWCA) and referenced in the Texas Motor Vehicle Safety
Responsibility Act (TMVSRA).

         
The TWCA was adopted to provide prompt remuneration
to employees who sustain injuries in the course and scope of their
employment.  Hughes Wood Prods., Inc. v.
Wagner, 18 S.W.3d 202, 206 (Tex. 2000).  An
employer has the option of providing workers’ compensation insurance for
employees and thereby becoming a subscriber under the TWCA
or not providing workers’ compensation insurance and thereby remaining a
nonsubscriber.  Lawrence v. CDB Servs., Inc., 16 S.W.3d 35,
41 (Tex. App.—Amarillo 2000), aff’d, 44 S.W.3d 544 (Tex. 2001); see Tex. Lab. Code Ann.
§ 406.002(a) (West 2006) (providing that except for public employers and
as otherwise provided by law, an employer may elect to obtain workers’
compensation insurance coverage).  If an employer provides workers’
compensation insurance to its employees, section 406.091(a)(1)
mandates that the TWCA is inapplicable to “a
person employed as a domestic worker . . . engaged in employment
incidental to a personal residence.”  Tex. Lab. Code Ann. § 406.091(a)(1) (West 2006).  However, this exemption is not
without its own exception.  Section 406.091(b) provides that “[a]n
employer may elect to obtain workers’ compensation insurance coverage
for an employee or classification of employees exempted from coverage
under Subsection (a)(1) or (a)(3).”  Id.
§ 406.091(b) (emphasis added).  Therefore, although domestic
employees engaged in employment incidental to a personal residence are exempted
from the TWCA, an employer may elect to obtain workers’
compensation coverage for such employees.

         
The TMVSRA provides in part that “[a] person may not
operate a motor vehicle in this state unless financial responsibility is
established for that vehicle through,” among other things, “a motor vehicle
liability insurance policy that complies with Subchapter D.”  Tex. Transp. Code Ann. § 601.051(1) (West 2011). 
In subchapter D, section 601.075 provides in relevant part as follows:

         
A motor vehicle liability insurance policy may not insure against
liability:

 

                  
. . . .

         
(2) for bodily injury to or death of an employee of the insured while
engaged in the employment, other than domestic, of the insured, or in
domestic employment if benefits for the injury are payable or required to be
provided under a workers’ compensation law.

 

Id.
§ 601.075(2) (West 2011) (emphasis added). 
Stated otherwise, a motor vehicle liability insurance policy may not
insure against liability for injury to an employee of the insured while that employee
is engaged (1) in the employment of the insured or (2) in the
domestic employment of the insured if benefits for the injury are
payable or required to be provided under workers’ compensation insurance, but a
liability policy may insure against liability for injury to an employee
while that employee is engaged in domestic employment.  Id.

         
When section 601.075(2) is considered in light of labor code section 406.091,
the legislature’s framework becomes readily apparent:  motor vehicle
liability insurance may insure against liability for a domestic employee’s
injuries only to fill the gap in insurance coverage created by the TWCA’s exemption of “domestic employees” engaged in
employment incidental to a personal residence who are not entitled to
workers’ compensation insurance via an election to provide coverage by the
employer.  Compare Tex. Lab. Code Ann. § 406.091(a)(1), (b), with Tex. Transp. Code Ann.
§ 601.075(2).  Thus, the “domestic” employee contemplated by
transportation code section 601.075(2) is the “domestic worker” identified by
labor code section 406.091(a)(1)—a person engaged in
employment incidental to a personal residence.  To the extent that an
employee is not a domestic employee, or that an employee is a domestic employee
and benefits for his injury are payable or required by workers’ compensation
insurance, as labor code section 406.091(b) specifically contemplates, a motor
vehicle liability insurance policy may not insure against liability for that
employee’s injuries that occur on the job.  The legislature’s decision in
the TMVSRA to prohibit a motor vehicle liability
insurance policy from insuring against liability for injuries to employees, but
not to domestic employees not entitled to workers’ compensation
benefits, furthers the legislature’s attempts 
in the TWCA to “encourage employers to obtain
workers’ compensation insurance.”[1] 
See Kroger Co. v. Keng,
23 S.W.3d 347, 349 (Tex. 2000).

         
The Policy in this case is a commercial automobile general liability insurance
policy.  The language used in the employee exclusion and “domestic
employees” exception unmistakably reveals an attempt by the drafters to
incorporate provisions into the Policy that are consistent with and adhere to
the requirements of both transportation code section 601.075(2) and labor code
section 406.091(a).  Just as the transportation code prohibits a motor
vehicle liability insurance policy from insuring against liability for injuries
to employees, but not to domestic employees not entitled to workers’
compensation benefits, the Policy excludes coverage for bodily injury to
employees occurring during employment, but the exclusion “does not apply to
domestic employees not entitled to workers compensation benefits.” 
[Emphasis added.]  Reading the “domestic employees” exception in context,
as we must, and considering the statutory framework implemented by the
legislature in the TWCA and the TMVSRA—that
the “domestic” employee contemplated by transportation code section 601.075(2)
is the “domestic worker” identified by labor code section 406.091(a)(1), a
person engaged in employment incidental to a personal residence—we cannot agree
with Robertson’s argument that the parties to the Policy intended “domestic
employees” to mean persons who work in the United States.

         
Relying on Carroll v. Castillo, Robertson argues that the “domestic
employee” exception is at least ambiguous.  See No.
13-99-00006-CV, 2000 WL 34592617, at *5 (Tex. App.—Corpus Christi Apr. 6, 2000,
no pet.) (not designated for
publication).  In Carroll, the court of appeals considered a
“domestic employees” exception to an employee exclusion contained in an
insurance policy.  Id.  Like the “domestic employees”
exception in this case, the exception stated that the employee exclusion “does
not apply to bodily injury to domestic employees not entitled to workers
compensation benefits.”  Id.  Interpreting the exception, the
court concluded,

         
By its terms, this exclusion does not apply to bodily injury to domestic
employees not entitled to workers compensation benefits. . . .
[T]he term “domestic employee” is ambiguous and incapable of precise
determination for summary judgment purposes.  “Domestic employee” could
mean an employee of Carroll Water Well Service who works in a home, such as a
cook, maid, or housekeeper; or it could mean an employee who works in the
United States as contrasted with one who works abroad in a foreign country.

 

Id. 
We decline to follow Carroll because its analysis begins and ends with
the dictionary definition of “domestic,” rendering meaningless the “not
entitled to workers compensation benefits” portion of the exception and failing
to consider the clear relevance of the transportation and labor code
provisions.

         
A federal district court recently considered whether a “domestic employment”
exception to an employee exclusion contained in an insurance policy meant
employment within a home or domicile.  See Canal Ins. Co. v.
Flores, No. 3:06-CV-84-KC, 2009 WL 1033770, at *8–10 (W.D.
Tex. Apr. 14, 2009).  The court reasoned that “[i]n
the context of insurance contracts, courts almost unanimously recognize the
term ‘domestic employment’ as meaning employment within the home.”  Id.
at *8 (citing United Fire & Cas.
Co. v. Gravette, 182 F.3d 649, 655 (8th Cir.
1999) (“A ‘domestic employee’ is commonly understood to be a household
servant.”).  The court declined to follow Carroll and addressed the
relevance of labor code section 406.091, reasoning that “[t]he comparison of a
domestic employee to one who is employed in a personal residence clearly
indicates that the Texas Labor Code views a domestic employee as one who works
in the home and not generally within the United States.”  Id. at *8 n.14, *9. 
The court ultimately held that “the case law interpreting ‘domestic employment’
clearly favors a meaning of the term related to home employment, particularly
when the term is directly tied to workers’ compensation laws in the Texas Labor
Code.”  Id. at *9.

         
Even more recently, the Fifth Circuit considered a “domestic employees”
exception in an insurance policy, addressing whether the exception, which was
worded identically to the “domestic employees” exception at issue in this case,
referred to “butlers and chambermaids” or to employees who work in the United
States as opposed to those who work abroad.  See Amerisure Ins. Co. v. Navigators Ins. Co., 611 F.3d 299, 310–11 (5th Cir. 2010).  Acknowledging
that no Texas court had resolved the issue in a published opinion, the court
examined cases from other jurisdictions and concluded that interpreting
“domestic employees” to mean employees who work in the United States was
“unreasonable” and did “not defeat the otherwise applicable exclusion.”  Id. at 311.

         
Although both federal courts failed to recognize the framework implemented by
the legislature in both the TWCA and the TMVSRA and its relevance to the domestic employee
exceptions contained in the policies at issue in their respective cases, the
courts ultimately reached the same conclusion that we do.

         
Accordingly, we hold that as used in the Policy, Robertson’s interpretation of
“domestic employees” is unreasonable.  In light of the labor code and the
transportation code, “domestic employees” is not susceptible to more than one
reasonable interpretation and, therefore, is not ambiguous.  Rather,
“domestic employees” can be given a definite and certain legal meaning: 
persons engaged in employment incidental to a personal residence.

         
Lastly, Robertson argues “assuming arguendo
that the definition of ‘domestic employee’ that is urged by Home State is
correct, there is evidence that Robertson actually performed the duties of a
‘domestic employee.’”  He points out that his duties included “cleaning
the office, cleaning the vehicles and the yard.”  But this is not evidence
that Robertson was a “domestic employee” because there is no evidence that
these activities took place incidental to a personal residence.  See
Tex. Lab. Code Ann. § 406.091(a)(1).

         
We conclude and hold that the employee exclusion applied to exclude coverage
under the Policy for Robertson’s claims against Redi-Mix.  Therefore, the
trial court did not err by granting Home State’s motion for summary judgment on
the basis of the employee exclusion.  We overrule Robertson’s second
issue.  Having determined that summary judgment was proper on this ground,
we need not reach Robertson’s first issue complaining that the trial court
erred by granting Home State’s motion for summary judgment on the basis of the
workers’ compensation exclusion contained in the Policy.  See Tex.
R. App. P. 47.1.

V.  Conclusion

         
Having overruled Robertson’s second, dispositive issue, we affirm the trial
court’s judgment.

  

 

 

 

BILL MEIER
JUSTICE

 

EN
BANC

 

DAUPHINOT,
J. concurs without opinion.

 

DELIVERED:  June 2,
2011














[1]For
example, the TWCA penalizes nonsubscribers by
prohibiting them from asserting certain common law defenses in their employees’
personal injury actions.  See Tex. Lab. Code Ann. § 406.033(a)
(West 2006); see also Figueroa v. Healthmark
Partners, L.L.C., 125 F. Supp. 2d 209, 210 (S.D. Tex. 2000) (“[E]mployers
making the decision on whether to subscribe must face a Texas statutory scheme
that wields both a stick and a carrot.”).