United States Court of Appeals,

Fifth Circuit.

No. 95-10288

Summary Calendar.

Gilbert EHLER, Plaintiff-Appellant,

v.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendant-Appellee.

Oct. 17, 1995.

Appeal from the United States District Court for the Northern District of Texas.

Before HIGGINBOTHAM, DUHÉ and EMILIO M. GARZA, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Gilbert Ehler sued in state court to set aside a compromise settlement agreement with St. Paul Fire and Marine Insurance Company on the ground that he signed the CSA after relying on misrepresentations by a St. Paul representative. St. Paul removed the case to federal district court, which denied Ehler's motion to remand to state court and thereafter granted summary judgment for St. Paul. Ehler appeals. We affirm the denial of Ehler's motion to remand and reverse the grant of summary judgment for St. Paul.

I.

In 1990, Ehler filed a workers' compensation claim after being injured by an electric shock while employed as a pipefitter with Trinity Contractors, Inc. Rita Trubatisky, a claims representative at St. Paul, which at that time was Trinity's workers' compensation insurer, initially offered to settle Ehler's claim for $20,000 plus three years of future medical care. Ehler did not accept this offer, but negotiated a better offer of $22,000 plus four years of medical benefits. Before accepting this revised offer, Ehler underwent a medical evaluation in February 1991; the evaluation indicated that his bodily impairment level would likely require him to retrain for another job. Responding to this new information, Trubatisky offered him $29,000 plus four years of future medical care. After reviewing his doctors' evaluations and talking with Donna Standifer, an employee at the Texas Workers'

Compensation Committee, Ehler signed a CSA in March 1991 for $29,000 plus four years of medical care.

## II.

Ehler contends that the district court erred in denying his motion to remand to state court; he argues that his cause of action "arises under" the Texas Workers' Compensation Act,[1] and therefore removal to federal court was barred by 28 U.S.C. § 1445(c), which provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." *Id.* We disagree.

In *Jones v. Roadway Express, Inc.,* 931 F.2d 1086 (5th Cir.1991), we defined "arising under" in § 1445(c) in the same manner as we have done in analyzing 28 U.S.C. § 1331; hence, for § 1445(c) purposes, we held that "a suit arises under the law that creates the cause of action." 931 F.2d at 1092. Applying this definition to Ehler's suit to set aside his CSA with St. Paul, we find that Texas common law, not the Texas Workers' Compensation Act, creates his cause of action.

"That a workers' compensation law is a premise of the tort does not mean that the tort "arises under' the workers' compensation laws...." *Spearman v. Exxon Coal USA, Inc.,* 16 F.3d 722, 725 (7th Cir.1994) (holding that retaliatory discharge claim did not arise under workers' compensation laws of Illinois).[2] Rather, the focus must be on the source of the right of action. Ehler's suit to set aside a CSA for fraud or misrepresentation is a common law action for rescission and cancellation of contract. *See, e.g., Luerson v. Transamerica Ins. Co.,* 550 S.W.2d 171, 173

---

[1]Tex.Rev.Civ.Stat.Ann. arts. 8306 to 8309f, *repealed and reenacted as* Tex.Rev.Civ.Stat.Ann. art. 8308-1.01 *et seq., by* Acts 1989, 71st Leg., 2d C.S., ch. 1, effective January 1, 1991, *repealed by* Acts 1993, 73rd Leg. ch. 269, § 5(2), effective September 1, 1993 (current version at Tex.Lab.Code.Ann. §§ 401.001 to 506.001). As Ehler was injured before January 1, 1991, the relevant provisions of the former statute, Tex.Rev.Civ.Stat.Ann. arts. 8306 *et seq.,* apply in this case.

[2]In *Humphrey v. Sequentia, Inc.,* 58 F.3d 1238 (8th Cir.1995), the Eighth Circuit concluded that a retaliatory discharge claim did arise under Missouri's workers' compensation laws, distinguishing *Spearman* on the ground that the Missouri Workers' Compensation Act, unlike Illinois' workers' compensation laws, specifically included a right of action for retaliatory discharge.

(Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.).[3]  While such an action may require interpretation of rights or benefits under the Texas Workers' Compensation Act, the Act itself does not provide for the specific right of action asserted by Ehler.  *Cf. Patin v. Allied Signal, Inc.,* 865 F.Supp. 370, 373 (E.D.Tex.1994) ("[T]he most that can be said about Plaintiff's breach of good faith and fair dealing claim is that it is *related to* his claim for workers' compensation.") (emphasis in original).  We conclude that Ehler's action to set aside his CSA with St. Paul arises under the Texas common law, not the Texas Workers' Compensation Act, and therefore was removable under § 1445(c).

III.

Ehler contends that the district court erred in concluding that he had not raised a genuine issue of material fact as to his reliance on alleged misrepresentations by Trubatisky.  Reviewing the summary judgment evidence in the same manner as the district court and drawing all inferences most favorable to Ehler, *see Jurgens v. E.E.O.C.,* 903 F.2d 386, 388 (5th Cir.1986), we agree.

A.

To prevail in a suit to set aside a CSA, "a worker must show that misrepresentations concerning his or her injuries were made by the employer or compensation carrier;  that the worker relied on those misrepresentations in making the settlement;  and that there was a meritorious claim for more compensation than had been paid."  *Rodriguez v. American Home Assurance Co.,* 735 S.W.2d 241, 242 (Tex.1987).  Ehler alleges that Trubatisky made misrepresentations by stating throughout their settlement discussions that his injuries were "just general injuries" and by saying that her offer of $29,000 plus four years of medical benefits "was all [he] could ever get under any circumstances."  He claims that she failed to explain that his injuries, even though classified as "general" under the Texas Workers' Compensation Act, could have entitled him to lifetime benefits,[4] and that the manner in which she referred to his injuries as "just general" misled him into believeing

---

[3]While construction of § 1445(c) is an issue of federal law, *see Grubbs v. General Elec. Credit Corp.,* 405 U.S. 699, 705, 92 S.Ct. 1344, 1349, 31 L.Ed.2d 612 (1972), we may refer to state court decisions as persuasive authority in determining the source of a cause of action.

[4]Ehler claims that he should have received greater benefits because he suffered the loss of both hands and thus would have been conclusively held to be totally and permanently disabled.  *See* Tex.Rev.Civ.Stat.Ann. art. 8306 § 10(b), 11a(3) (repealed).

that his injuries were "insignificant and unspecified."

The district court found that, because Trubatisky's remarks were statements of opinion about Ehler's potential recovery rather than statements of fact about his physical condition, they were not actionable misrepresentations. While it is true that expressions of opinion or misrepresentations involving a point of law generally will not support an action to set aside a CSA, we agree with Ehler that "a party having superior knowledge, who takes advantage of another's ignorance of the law to deceive the person by studied concealment or misrepresentation, can be held responsible for the statement." *Fidelity & Guaranty Insurance Underwriters v. Saenz,* 865 S.W.2d 103, 111 (Tex.App.—Corpus Christi 1993). The district court found this exception inapplicable in an action to set aside a CSA on the ground that *Fidelity & Guaranty* involved a different substantive legal theory than Ehler's. We find, to the contrary, that the *Fidelity & Guaranty* test is directly applicable to this suit. The Texas Court of Appeals in *Fidelity & Guaranty* relied on *FINA Supply, Inc. v. Abilene National Bank,* 726 S.W.2d 537, 540 (Tex.1987), which in turn cited *Safety Casualty Co. v. McGee,* 133 Tex. 233, 127 S.W.2d 176, 178-79 (Tex.Comm'n App.1939, opinion adopted). The court in *Safety Casualty* expressly stated that the superior-knowledge exception could be applied in a suit to set aside a CSA.

Under Texas law, to show that Trubatisky deceived him by "studied concealment or misrepresentation," Ehler must show that Trubatisky intentionally made misrepresentations for the purpose of deceiving him. *See Safety Casualty,* 127 S.W.2d at 179. Viewing the evidence in the light most favorable to Ehler, we are persuaded that he has raised a genuine issue of material fact precluding summary judgment for St. Paul. In his affidavit and deposition testimony, Ehler indicated that Trubatisky's failure to apprise him of the legal significance of a "general injury," coupled with the manner in which she repeatedly indicated that his injuries were of a "general" nature, misled him into believing that his injuries were insignificant and thus settling his claim without full knowledge of his potential recovery. Ehler also stated in his affidavit and deposition testimony that Trubatisky told him

that the CSA offer was "all [he] could ever get under any circumstances."[5] We recognize that Ehler's version of Trubatisky's comments is in tension with that of Trubatisky, whose affidavit indicates that what she said was that her offer "was the full extent of her authority." But even though a jury ultimately may resolve this question against Ehler, we are satisfied that a reasonable jury could find in his favor. We conclude that Ehler has offered enough evidence to raise fact issues as to whether Trubatisky intended to misrepresent the legal significance and severity of Ehler's injuries and his potential recovery for the purpose of inducing him to sign the CSA.

B.

St. Paul further argues that, regardless of whether Trubatisky made misrepresentations to Ehler, Ehler's review of his doctors' evaluations together with his conversations with Standifer amounted to an independent investigation precluding a finding of reliance. St. Paul also contends, alternatively, that Standifer's advice was an expert opinion precluding a finding of reliance. The district court agreed that Ehler did not rely on Trubatisky's alleged misrepresentations because his consultation of Standifer was an independent investigation of the settlement offer.

In Texas, "where a person makes his own investigation of the facts, or relies on expert opinions he has himself obtained, he cannot sustain a cause of action based upon misrepresentations by others." *Kolb v. Texas Employers' Insurance Association,* 585 S.W.2d 870, 872 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.). In particular, he must have "conduct[ed] an independent investigation into the matters covered by the representations, which [was] sufficient to inform him of the truth." *Whitsel v. Hoover,* 120 S.W.2d 930, 934 (Tex.Civ.App.—Amarillo 1938, writ dism'd). Hence, Ehler can survive St. Paul's summary judgment motion if he has raised a fact issue as to whether his review of his doctors' evaluation and his conversation was *insufficient to inform him of the truth* about the severity of his injuries and his potential for recovery. We find that he has.

In his affidavit and deposition testimony, Ehler indicates that he obtained only general advice

---

[5]St. Paul intimates that Ehler's statement in his affidavit on what Trubatisky told him conflicts his deposition testimony. Our review of the record indicates no such conflict.

from Standifer about the fairness of his settlement offer; he denies talking with her about the details of his injuries or potential recovery. As Standifer does not remember talking with Ehler, his testimony regarding the content of their discussions is not obviously contradicted by the summary judgment evidence. Viewing this evidence in the light most favorable to Ehler, we are satisfied that Ehler has raised fact issues as to whether his conversations with Standifer sufficiently informed him of the truth about the severity of his injuries and his potential recovery. *Cf. Kolb,* 585 S.W.2d at 872 (plaintiff's testimony that he settled because his doctor said he was "okay" did not support summary judgment finding of independent investigation). Although a jury ultimately may be convinced that Ehler did acquire enough information to negate a finding that he relied on Trubatisky's misrepresentations, we find his testimony sufficient to defeat a judgment for St. Paul as a matter of law.

IV.

For the foregoing reasons, we AFFIRM the district court's denial of Ehler's motion to remand to state court, REVERSE its grant of summary judgment for St. Paul, and remand for further proceedings consistent with this opinion.