KATHLEEN CARDONE, UNITED STATES DISTRICT JUDGE
On this day, the Court considered Maria Gomez's Motion to Remand ("Motion").
*571 ECF No. 6. For the reasons set forth below, the Court DENIES the Motion.
I. BACKGROUND
Plaintiff Maria Gomez filed this action against Defendants O'Reilly Automotive Stores, Inc. and O'Reilly Automotive, Inc. d/b/a O'Reilly Auto Parts in the El Paso County Court at Law Five on August 9, 2017. Notice of Removal Ex. A at 1, ECF No. 1. In her Original Petition, Plaintiff alleges various claims of negligence related to an injury she suffered during the course of her employment with Defendants. Id. at 2-4. She also alleges that Defendants failed to become subscribers under the Texas Workers' Compensation Act ("TWCA"). Id. at 2.
Defendants were served with Plaintiff's Original Petition on September 1, 2017, and on September 11, 2017, they filed their timely Notice of Removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal ¶¶ 1-2. Plaintiff responded with the instant Motion on October 11, 2017, arguing that removal was improper pursuant to 28 U.S.C. § 1445(c). Mot. ¶ 1, ECF No. 6. On October 18, 2017, Defendants filed their Response to Plaintiff's Motion ("Response"). ECF No. 7. Plaintiff then filed her Reply to Defendants' Response ("Reply") on October 23, 2017. ECF No. 8.
II. DISCUSSION
A. Standard
A defendant may remove an action from state court to federal court provided that the latter court has subject matter jurisdiction. 28 U.S.C. § 1441(a). There are, however, certain classes of claims that are made nonremovable by statute even where subject matter jurisdiction otherwise exists. See 28 U.S.C. § 1445. Nonremovable claims include claims that are part of "[a] civil action in any State court arising under the workmen's compensation laws of such State." Id. § 1445(c). When an action is removed from state court to federal court, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co. , 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.
B. Analysis
The crux of the Plaintiff's argument for remand is that negligence claims against nonsubscribing[1] employers are nonremovable pursuant to 28 U.S.C. § 1445(c). Section 1445(c) bars removal of "[a] civil action in any State court arising under the workmen's compensation laws of such State." 28 U.S.C. § 1445(c) (emphasis added). Federal district courts in Texas are split as to whether nonsubscriber negligence claims arise under the TWCA and must be remanded when removed from state court. Compare, e.g. , Pyle v. Beverly Enters.-Tex., Inc. , 826 F.Supp. 206, 209 (N.D. Tex. 1993) (finding that nonsubscriber negligence claims do not arise under the TWCA and are removable), with Figueroa v. Healthmark Partners, L.L.C. , 125 F.Supp.2d 209, 210-11 (S.D. Tex. 2000) (finding that nonsubscriber negligence claims do arise under the TWCA and are nonremovable).
Plaintiff offers two arguments in favor of remand. First, Plaintiff argues that her *572 claims do in fact arise under the TWCA, rendering them nonremovable pursuant to § 1445(c). Mot. ¶¶ 16-22. Next, Plaintiff argues that "the division between district courts ... creates an ambiguity in the law sufficient to warrant remand." Reply 1, 3. The Court addresses each argument in turn.
1. Plaintiff's claims do not arise under the TWCA
Plaintiff primarily argues that negligence claims against a nonsubscriber arise under the TWCA because such claims require the resolution of a substantial question under the TWCA. Mot. ¶¶ 19-22. Defendants, on the other hand, essentially argue that negligence claims against a nonsubscriber are common law claims rather than claims created by the TWCA. Resp. 5-6. Defendants further argue that nonsubscriber negligence claims do not require the resolution of a substantial question under the TWCA because they do not implicate a purely legal issue involving interpretation of the TWCA's provisions. Id.
The Fifth Circuit has held that "arising under" in § 1445(c) should be construed in the same manner as "arising under" in § 1331, the federal question statute. Jones v. Roadway Exp., Inc. , 931 F.2d 1086, 1092 (5th Cir. 1991). The Court notes, however, that wholesale application of the case-law construction of § 1331 to § 1445(c) gives rise to several difficulties.
Federal question jurisdiction exists in cases "arising under the Constitution, laws, and treaties of the United States." 28 U.S.C. § 1331. Further, it is axiomatic that "federal courts are courts of limited jurisdiction," and that "it should be presumed that a cause lies outside of that limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am. , 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Accordingly, there is a presumption against a broad construction of "arising under" in the context of § 1331. See id. ; see also Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning , --- U.S. ----, 136 S.Ct. 1562, 1573, 194 L.Ed.2d 671 (2016) ("Out of respect for state courts, this Court has time and again declined to construe federal jurisdictional statutes more expansively than their language, most fairly read, requires.").
Yet, under § 1445(c), a claim is nonremovable if the claim is one "arising under the workmen's compensation laws." 28 U.S.C. § 1445(c). Consequently, applying the restrictive construction of "arising under" in § 1331 to § 1445(c) results in a restrictive reading of "arising under" in § 1445(c). That reading counsels in favor of removability and conflicts with the Fifth Circuit's admonition that courts "should read § 1445(c) broadly" in favor of remand. Jones , 931 F.2d at 1092.
Another difficulty relates to the actual meaning of "arising under" in the federal question statute. In that context, "arising under" means (1) federal law creates the cause of action or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Empire Healthchoice Assur., Inc. v. McVeigh , 547 U.S. 677, 690, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006). The Fifth Circuit, however, has not had occasion to apply the substantial-question basis to § 1445(c). Rather, in cases where the Fifth Circuit addressed the construction of "arising under" in § 1445(c), it focused on whether the TWCA created the cause of action at issue. E.g. , Ehler v. St. Paul Fire & Marine Ins. Co. , 66 F.3d 771, 773 (5th Cir. 1995) ("[T]he focus must be on the source of the right of action."). Accordingly, there is no certainty that the Fifth Circuit would even apply, in some modified form, the substantial-question basis to § 1445(c).
Setting aside these observations, and assuming the construction of "arising under" in § 1331 applies to this case, the Court nevertheless agrees with Defendants that *573 Plaintiff's claims do not arise under the TWCA. Applying the "arising under" case law from the federal question context to § 1445(c), there are two bases that potentially bar removal to federal court-and, in turn, necessitate remand of cases removed from state court-under § 1445(c) : (1) the TWCA creates Plaintiff's cause of action; or (2) Plaintiff's right to relief necessarily depends on resolution of a substantial question of the TWCA. See McVeigh , 547 U.S. at 690, 126 S.Ct. 2121 ; see also Harper v. AutoAlliance Int'l, Inc. , 392 F.3d 195, 203 (6th Cir. 2004) (applying both bases for "arising under" in the federal question statute to "arising under" in § 1445 ); Casas v. R & L Carriers, Inc. , No. EP-17-CV-122-PRM, slip op. at 7 (W.D. Tex. June 12, 2017) (same). Although Plaintiff appears to concede that the TWCA does not create her cause of action, and thus, remand is not required pursuant to the first "arising under" basis, the Court examines both bases.
a. The TWCA does not create a cause of action for negligence against nonsubscribing employers
Concerning the first "arising under" basis, Plaintiff correctly observes that the TWCA "does not expressly create a cause of action against a non-subscribing employer." Mot. ¶ 19. Indeed, while the TWCA deprives nonsubscribers of certain common law defenses and requires an injured employee to prove the nonsubscriber's negligence, it does not contain language that specifically authorizes an employee to bring suit. See Tex. Labor Code § 406.033(a), (d). Moreover, the TWCA is silent as to what in particular an employee must prove to recover from a nonsubscriber for a workplace injury. Instead, the statute simply states that the employee must "prove negligence of the employer." Id. § 406.033(d). Consequently, the Court agrees with another Judge of this Court that "the most natural reading of [ § 406.003 ] is that it assumes such a right to sue already exists and thus comes from the common law." Poljanec v. Home Depot U.S.A. Inc. , No. SA-14-CV-318-XR, 2014 WL 2050946, at *2 (W.D. Tex. May 19, 2014).
That reading is supported by the statutory structure of the TWCA applicable to employees who are covered by workers' compensation insurance. Under the TWCA, workers' compensation benefits are the exclusive remedy for a work-related injury suffered by an employee of a subscribing employer. Tex. Labor Code § 408.001. The TWCA's provisions define what types of benefits are available and explain how to compute the amount of benefits an injured employee may claim. Id. §§ 408.001 - 408.222. Moreover, the TWCA contains detailed provisions describing compensation procedures an injured employee must follow to file a claim and receive payment of his or her benefits. Id. §§ 409.001-409.024. The TWCA also outlines the complex administrative process relating to the adjudication of disputes. Id. §§ 410.001-410.308. Such an extensive regulatory framework stands in stark contrast to § 406.033's minimal provisions that merely bar nonsubscribers from raising certain common law defenses. That difference indicates that a nonsubscriber's employee must look outside the TWCA's framework to recover for a work-related injury, and supports the interpretation that the common law creates the cause of action for negligence against a nonsubscriber.
Finally, dicta from both the Fifth Circuit and the Supreme Court of Texas strongly suggest that the TWCA does not create a cause of action for negligence against a nonsubscriber. In American International Specialty Lines Insurance Co. v. Rentech Steel LLC , 620 F.3d 558 (5th Cir. 2010), the Fifth Circuit opined that "we believe ... [ § 406.033 ], on its face, does no more than modify the defenses available at common *574 law, and does not create a cause of action that usurps the common-law cause of action." Id. at 564. Similarly, in Austin v. Kroger Texas L.P. , 465 S.W.3d 193 (Tex. 2015), the Supreme Court of Texas explained that § 406.033"may limit an employer's defenses, but it does not eliminate an employee's burden to establish his common law claim." Id. at 212 ; see also Texas W. Oaks Hosp., LP v. Williams , 371 S.W.3d 171, 187 (Tex. 2012) ("[I]f an employer forgoes workers' compensation coverage, and is a nonsubscriber to the workers' compensation system, it is subject to suits at common law for damages."). While these pronouncements are not dispositive here, they support the finding that the TWCA does not create a cause of action for negligence against a nonsubscriber.
Accordingly, based on the language in § 406.033, the TWCA's statutory structure, and dicta from the Fifth Circuit and the Supreme Court of Texas, the Court concludes that the TWCA does not create a cause of action for negligence against a nonsubscriber. Rather, a negligence claim against a nonsubscriber is a common law claim against which a nonsubscriber is barred from asserting certain defenses. Consequently, because the TWCA does not create the cause of action for Plaintiff's claims, those claims do not arise under the TWCA pursuant to the first "arising under" basis such that they are nonremovable.
b. Plaintiff's claims do not necessarily depend on resolution of a substantial question of the TWCA
The Court next considers the second "arising under" basis-whether Plaintiff's right to relief for nonsubscriber negligence necessarily depends on resolution of a substantial question of the TWCA-which is where Plaintiff focuses her attention.
Plaintiff argues that her negligence claims against Defendants depend on resolution of a substantial question under the TWCA because "Plaintiff's petition indisputably alleges non-subscriber negligence claims against his [sic] employer and states Defendants failed to become a subscriber under the Worker's Compensation Act of this State." Mot. ¶ 21. Plaintiff further argues that the cause of action she relies on, "even if not created by the TWCA, is nevertheless completely provided for and described in § 406.033 and other related provisions of the Texas Workmen's Compensation Act." Id. To bolster that assertion, Plaintiff points out that the TWCA deprives nonsubscribing employers of certain common law defenses and allows an employee to recover from its nonsubscribing employer only if the employee can prove the nonsubscriber's negligence. Id. ¶¶ 14-16, 21. Put another way, in Plaintiff's view, her claims necessarily require the Court to resolve a substantial question of the TWCA because the Court must refer to the TWCA's provisions to determine whether Defendants are nonsubscribers, what defenses Defendants can assert, and what Plaintiff must prove to succeed on her claims.
Plaintiff's argument is without merit. In the context of § 1331, a claim necessarily depends on resolution of a substantial question of federal law if the federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton , 568 U.S. 251, 260, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013).[2]
*575 If any element is not satisfied, the exercise of federal question jurisdiction is improper. See ids="12407443" index="43" url="https://cite.case.law/us/568/251/#p260">id. By analogy then, Plaintiff's nonsubscriber negligence claims arise under the TWCA if an issue of the TWCA is (1) necessarily raised (2) actually disputed (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. See San Francisco Bay Area Rapid Transit Dist. v. Gen. Reinsurance Corp. , No. 14-CV-01866-JSC, 2014 WL 2960015, at *3 (N.D. Cal. June 30, 2014).
As to the first element, the Court acknowledges that a question of the TWCA is necessarily raised by Plaintiff's claims. A question relating to a particular law is necessarily raised if a plaintiff's right to relief requires application of that law. See Gunn , 568 U.S. at 259, 133 S.Ct. 1059. For example, in Gunn , a plaintiff filed a state-law legal malpractice claim premised on his attorney's failure to make an argument based on federal patent law. Id. Because the plaintiff could prevail on the malpractice claim only if the outcome of the underlying case would have been different had the lawyer made the patent argument, a court would necessarily have to apply patent law to make that determination. Id. Here, Plaintiff alleges in her Petition that Defendants are nonsubscribers under the TWCA. Mot. ¶ 21. If Defendants are subscribers, Plaintiff is covered by workers' compensation insurance, and workers' compensation benefits would be her exclusive remedy. See Tex. Labor Code. § 408.001. Thus, Plaintiff can prevail on her claims in court only if Defendants are nonsubscribers. Because nonsubscriber status is determined by reference to the TWCA's provisions, see Tex. Labor Code §§ 406.003, the Court must apply those provisions to determine Defendants' status. Therefore, Plaintiff's nonsubscriber negligence claims necessarily raise an issue under the TWCA. See Gunn , 568 U.S. at 259, 133 S.Ct. 1059.
Regarding the second element, however, there appears to be no dispute concerning the application or meaning of the TWCA's provisions. A question is actually disputed where the parties disagree regarding the law's effect on the outcome of the case. See Grable , 545 U.S. at 315, 125 S.Ct. 2363. In Grable , the parties disputed whether the plaintiff received proper notice, as required by a federal statute, before the Internal Revenue Service ("IRS") sold his property. Id. at 310-11, 125 S.Ct. 2363. The plaintiff argued that personal service was required under the statute, and the defendant argued that service by certified mail was sufficient. Id. at 311, 125 S.Ct. 2363. If the statute required personal service, Plaintiff would prevail on his quiet title claim and retain the property. Id. Here, the parties do not dispute the effect of the TWCA provisions raised in Plaintiff's Petition. Plaintiff alleges that Defendants are nonsubscribers as defined by the TWCA, and Defendants admit to the allegation. Defs.' Answer ¶ 7, ECF No. 4. Additionally, Defendants do not appear to contest that, as nonsubscribers, certain common law defenses are unavailable to them. Indeed, although Defendants assert various affirmative defenses in their Answer, they do not assert the defenses eliminated by the TWCA.[3] See id. ¶¶ 17-22.
*576 Consequently, because there is no dispute as to the meaning of the TWCA's provisions that would require judicial resolution, the Court finds that the second element is not met.
Furthermore, and perhaps most importantly, the questions of the TWCA implicated by Plaintiff's claims are not substantial such that the third element is satisfied. For a question to be substantial in the context of federal question jurisdiction, "it is not enough that the federal issue be significant to the particular parties in the immediate suit." Gunn , 568 U.S. at 260, 133 S.Ct. 1059. Rather, "the substantiality inquiry ... looks instead to the importance of the issue to the federal system as a whole." Id. Often, substantial questions implicate "pure issues of law ... that [can] be settled once and for all." Id. (quoting Hart and Wechsler's The Federal Courts and the Federal System 65 (5th ed. 2003 Supp. 2005)).
For example, in Grable , the question was substantial because it implicated the Government's ability to collect taxes. 545 U.S. at 315, 125 S.Ct. 2363. In that case, the IRS seized property from the plaintiff and sold it to a third party to satisfy a tax delinquency. Id. at 310-311, 125 S.Ct. 2363. Several years later, the plaintiff brought a quiet title claim against the party that purchased the property from the IRS, alleging that the third party's title was deficient because the IRS failed to comply with certain notice requirements imposed by the federal statute that authorized the sale. Id. In concluding that the case arose under federal law, the Supreme Court focused on the significance of the notice requirements and emphasized their connection to the Government's ability to satisfy tax delinquencies through the seizure and sale of property. Id. at 315, 125 S.Ct. 2363. To carry out that task, clear terms of notice are required so that third-party buyers can be certain that they receive good title. Id.
Conversely, in McVeigh , the question was insubstantial because its resolution had no broader significance beyond the case. 547 U.S. at 699-701, 126 S.Ct. 2121. There, an insurance carrier filed a claim for reimbursement against a beneficiary's estate after the estate settled its state-law tort action against the party that caused the harm. Id. at 682, 126 S.Ct. 2121. The insurance carrier had contracted with the federal Government to provide healthcare to federal employees pursuant to the Federal Employees Health Benefits Act. Id. Under its contract with the Government, the insurance carrier could seek reimbursement from a beneficiary for medical expenses the carrier paid for if the beneficiary recovered from a third party that caused the harm. Id. at 683, 126 S.Ct. 2121. Rejecting the insurance carrier's argument that federal question jurisdiction existed, the Supreme Court observed that the reimbursement claim was not triggered "by the action of any federal department, agency, or service ... and the bottom-line practical issue is the share of [the] settlement properly payable" to the carrier under the contract. Id. at 700, 126 S.Ct. 2121. Unlike the quiet title dispute in Grable that centered on an issue of law, the reimbursement claim revolved around what medical services the beneficiary received from care providers, which the Supreme Court described as "fact-bound" and "situation-specific." Id. at 700-701, 126 S.Ct. 2121.
Applying the federal-question framework to § 1445(c), the Court has little difficulty concluding that Plaintiff's claims *577 do not raise a substantial question of the TWCA. In Grable , the plaintiff's claim raised the meaning of a provision in a federal statute that authorized the IRS to seize and sell property, and resolution of the provision's meaning had a broader significance concerning the IRS's ability to collect delinquent taxes in the future. 545 U.S. at 315, 125 S.Ct. 2363. Here, Plaintiff's claims merely raise the question of Defendants' nonsubscriber status under the TWCA, and the resolution of that question has no impact on the workers' compensation system as a whole. Simply put, resolution of the TWCA question raised by Plaintiff's claims is relevant only to the parties in this suit.
Instead, Plaintiff's claims resemble the reimbursement claim in McVeigh , which was ultimately a factual dispute as to what services the beneficiary received and whether the insurance carrier could recover under the terms of its contract with the Government. 547 U.S. at 699-701, 126 S.Ct. 2121. Indeed, the essence of Plaintiff's claims is not a dispute as to the meaning of any provision in the TWCA but rather about whether Defendants were negligent. To be sure, the TWCA bars Defendants from asserting certain defenses, but Plaintiff "still must prove all the elements of a common law negligence claim to prevail against [her] nonsubscribing employers." Austin , 465 S.W.3d at 212. Whether Defendants' acts were negligent is, by nature, a factual inquiry. See J. Weingarten, Inc., v. Brockman , 134 Tex. 451, 135 S.W.2d 698, 699 (Tex. 1940) ("The issue of whether or not given acts constitute negligence is essentially a jury question. The facts of each case must be given independent consideration, and seldom are the facts of any two cases so identical as that the decision in one could be held to be authority for a like decision in the other."). In other words, Plaintiff's right to relief depends on circumstances that are limited to this case.[4] Accordingly, the Court concludes her claims do not implicate a substantial question of the TWCA.
Having found that the second and third elements unfulfilled, analysis of the fourth element is unnecessary since all four elements must be satisfied. See Gunn , 568 U.S. at 259, 133 S.Ct. 1059. Therefore, the Court finds that Plaintiff's claims do not necessarily depend on the resolution of a substantial question of the TWCA, and thus, do not arise under the TWCA such that they are nonremovable pursuant to § 1445(c).
2. Ambiguity in the law does not require remand in this case
Having rejected that Plaintiff's claims should be remanded because they arise under the TWCA, the Court turns to Plaintiff's second argument in favor of remand. Plaintiff notes that Defendants do not contest that there is a split in authority among federal district courts in Texas as to whether nonsubscriber negligence claims arise under the TWCA. Reply 3. Relying on that split, Plaintiff suggests that "the division between district courts ... creates an ambiguity in the law sufficient to warrant remand" obviating the need for the Court to resolve whether Plaintiff's claims do in fact arise under the TWCA. Id.
The Court disagrees with Plaintiff's argument for three reasons. First, "although state law may create the cause of action and define [Plaintiff's] claim, federal law governs whenever [a court's] consideration *578 involves construction of a removal statute." Patin v. Allied Signal, Inc. , 77 F.3d 782, 788 (1996) ; see also Wallace v. Ryan-Walsh Stevedoring Co. , 708 F.Supp. 144, 148 (E.D. Tex. 1989) ("[T]his Court holds that the question of whether a civil action arises under state workmen's compensation laws for purposes of § 1445(c) is an issue the resolution of which is committed to a federal law analysis."). Consequently, federal law governs the construction of § 1445(c), and this Court is obligated to resolve the question implicated by Plaintiff's Motion. See Wallace , 708 F.Supp. at 148. Indeed, "were the Court merely to point at the split in authority and then remand, it would be abdicating its responsibility to address the substantive legal question before the Court." Poljanec , 2014 WL 2050946, at *2.
Second, the extent to which courts are actually split on the issue is questionable. Recently, courts addressing whether negligence claims against a nonsubscriber arise under the TWCA have dealt with the issue in one of two ways. Some courts, relying on the fact that the Fifth Circuit has not definitively decided the issue, point to the split among district courts and conclude that there is ambiguity in the law. E.g. , Glenn v. L. Ray Calhoun & Co. , No. A-13-CA-701-SS, 2014 WL 12570100, at *4 (W.D. Tex. Jan. 3, 2014). Because ambiguity must be construed in favor of remand, these courts remand the claims to state court without actually deciding whether they arise under the TWCA.[5] See itation index="89" url="https://cite.case.law/citations/?q=2014%20WL%2012570100">id. Courts that have analyzed the substantive issue in recent years, however, almost unanimously agree that negligence claims against a nonsubscriber do not arise under the TWCA. See Ben v. R & L Carriers, Inc. , No. 3:16-CV-0998-B, 2016 WL 3632807, at *2 (N.D. Tex. July 7, 2016) ; Austin Mayes v. The Home Depot USA, Inc. , No. 4:15-CV-02390, 2015 WL 9319238, at *2 (S.D. Tex. Dec. 23, 2015) ; Muse v. Kroger Tex., L.P. , No. 3:14-CV-3225-N, 2015 WL 11022866, at *1 (N.D. Tex. Mar. 3, 2015) ; Rodriguez v. Home Depot U.S.A., Inc. , No. EP-14-CV-175-PRM, 2014 WL 10183558, at *2-3 (W.D. Tex. Sept. 11, 2014) ; Poljanec , 2014 WL 2050946, at *3 ; Harrington v. Home Depot U.S.A., Inc. , Civ. A. No. H-11-1787, slip op. at 4 (S.D. Tex. July 12, 2011); Morris v. Home Depot U.S.A., Inc. , No. 3:10-CV-2289-B, 2011 WL 711047, at *3 (N.D. Tex. Feb. 28, 2011). But see Odom v. Tyson Foods, Inc. , No. 6:10-CV-667, 2011 WL 13141414, at *1 (E.D. Tex. Feb. 10, 2011). Therefore, in light of the fact that almost every court to decide the issue in recent years has ruled that negligence claims against a nonsubscriber do not arise under the TWCA, Plaintiff's argument that there is a split among the courts is substantially undercut.
Finally, while the Fifth Circuit has expressed that "it is axiomatic that ambiguities are generally construed against removal," Butler v. Polk , 592 F.2d 1293, 1296 (5th Cir. 1979), the Court questions the extent to which that principle is applicable in this case. The principle first emerged in Shamrock Oil & Gas Corp. v. Sheets , 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), where the Supreme Court explained that "the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation. Id. at 108, 61 S.Ct. 868. Given the "rightful independence of state governments," federal courts must "scrupulously confine *579 their own jurisdiction to the precise limits which the statute has defined." Id.
Accordingly, as Shamrock suggests, ambiguity favors remand because "removal raises significant federalism concerns." Carpenter v. Wichita Falls Indep. Sch. Dist. , 44 F.3d 362, 366 (5th Cir. 1995). Indeed, when a federal court entertains a case without subject matter jurisdiction, "it is nothing less than an unconstitutional usurpation of state judicial power." 13 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3522 (3d ed. 2008). For example, courts construe ambiguity in state law in favor of remand when improper joinder of a defendant is at issue because it implicates the court's subject matter jurisdiction. See Travis v. Irby , 326 F.3d 644, 649 (5th Cir. 2003).
Section 1445(c), however, does not implicate a court's substantive subject matter jurisdiction. To the contrary, the Fifth Circuit has found that "the statutory restriction against removal is not a matter of substantive jurisdiction, but rather a procedural defect." Williams v. AC Spark Plugs Div. of Gen. Motors Corp. , 985 F.2d 783, 786 (5th Cir. 1993) ; accord Vasquez v. N. Cty. Transit Dist. , 292 F.3d 1049, 1062 (9th Cir. 2002). Unlike a lack of subject matter jurisdiction, which requires remand if discovered any time before final judgment, a procedural defect is waivable. Williams , 985 F.2d at 786. Additionally, while § 1445 bars the removal of certain cases, it does not prohibit a plaintiff from bringing those cases in federal court initially. St. Paul Ins. Co. v. Trejo , 39 F.3d 585, 588 (5th Cir. 1994). Consequently, claims arising under workers' compensation laws are not claims that federal courts lack jurisdiction to adjudicate.
Rather, the Fifth Circuit has explained that the underlying policy of § 1445(c) is based on states' enactment of "expedient and less expensive administrative procedures for adjudicating claims of injured workers." Patin , 77 F.3d at 788. Workers' compensation claims are made nonremovable "to encourage the use of [those] administrative procedures and to prevent the undue burden that is placed on the worker when an action is removed to federal court, where such procedures generally do not apply." Id. That policy "does not appertain, though, when the cause of action at issue is independent of the administrative procedures applicable to a state workers' compensation claim." Id. Therefore, given this Court's finding that nonsubscriber negligence claims are common law claims that are independent from the TWCA's administrative procedures, the policy behind § 1445(c) is inapplicable to such claims. Accordingly, while ambiguity should generally be construed in favor of remand, the Court concludes that the concerns animating that principle are not strong in this particular case because the Court's subject matter jurisdiction is not at issue and because nonsubscriber negligence claims are not the type of claim that § 1445(c) is aimed at making nonremovable.
Consequently, based on this Court's obligation to decide the issue, the growing consensus among federal district courts in Texas that nonsubscriber negligence claims do not arise under the TWCA, and the policy underlying § 1445(c), the Court declines Plaintiff's invitation to remand this case based solely on perceived ambiguity in the law.
III. CONCLUSION
For the foregoing reasons, Plaintiff's Motion to Remand, ECF No. 6, is DENIED.
SO ORDERED .

A nonsubscriber is an employer that elects not to obtain workers' compensation coverage for its employees under the TWCA. See Tex. Labor Code §§ 406.003, 406.033. Because a nonsubscriber's employees are not covered by workers' compensation insurance, the employee must sue their nonsubscribing employer for negligence to recover damages for an injury sustained in the course of employment. See id. § 406.033.

In addition to the concerns discussed above about borrowing the meaning of "arising under" from § 1331, the Court is uncertain how the fourth element-"capable of resolution in federal court without disrupting the federal-state balance approved by Congress"-would apply in the context of removability of workmen's compensation claims under § 1445(c). Indeed, whereas the substantial-question basis in the context of § 1331 involves a federal issue embedded in a state-law claim, claims such as those in this case involve a state workers' compensation issue embedded in a state common-law claim. Consequently, it is not readily apparent how the fourth element should be modified to apply in the § 1445(c) context. Fortunately, the Court need not resolve this issue in this case.

Given that the well-pleaded complaint rule states that there is no federal question jurisdiction when the only federal issue relates to a possible defense based on federal law, cf. Louisville & Nashville R.R. Co. v. Mottley , 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908), the Court questions whether the issue of a defense barred by the TWCA should even be considered in this analysis.

For example, Plaintiff makes various allegations to support her claim, including negligent instruction and training, failure to establish and enforce safety rules and regulations, failure to inspect premises, and "other acts of negligence that may be determined in discovery of the case." Notice of Removal Ex. A., at 3.

Indeed, this Court too has previously held that ambiguity in the law requires remand. See Vargas v. Western Dairy Transport, LLC , No. 3:12-CV-149-KC, slip op. 15 (W.D. Tex. July 30, 2012). However, in light of intervening case law, the Court has reconsidered its position.