# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 15, 2020

No. 19-20670
Summary Calendar

Lyle W. Cayce
Clerk

JANE MILLIGAN, individually and as Representative of the Estate of Fritz Pierre Poux, Sr.,

     Plaintiff - Appellant

v.

HOME DEPOT USA, INCORPORATED,

     Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-449

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Jane Milligan appeals the district court's grant of summary judgment for Home Depot U.S.A., Inc. on her common-law negligence claim. For the reasons below, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20670

## I.    Background

Fritz Poux worked as a Home Depot employee and had a history of heart health issues.  In 2015, while working at Home Depot's store in Porter, Texas, Poux submitted a medical accommodations request form completed by his doctor to Home Depot.  His doctor noted that due to Poux's heart issues, Poux should not "work outside in heat" and should "not be required to lift, push or pull over 20 lbs."  His doctor also specifically recommended that Poux not work as a lumber department supervisor, Poux's position at the time. Poux thereafter worked as a sales associate.

In 2016, Poux suffered a cardiac event.  His doctor again noted that it would be in Poux's "best interest" to do work that did "not require heavy lifting over 30 lbs or exposure to extreme heat."  Poux returned to work about two months after his cardiac event.  When he returned, he was transferred to Home Depot's store in Humble, Texas, and put to work in the lumber department as a sales associate.  Two weeks into working at the Humble location, Poux suffered a stroke.  He was found in the back part of the store, "[n]ot too far" from two wood saws.  According to an employee accident claim worksheet completed after the event, Poux was "cutting lumber" at the time of the incident.  Due to complications from the stroke, Poux died in 2018.

Poux's wife, Milligan, sued Home Depot in Texas state court, raising a claim of negligence under the non-subscriber portion of the Texas Worker's Compensation Act.  Home Depot timely removed the case to federal district court on diversity grounds.[1]  Home Depot then moved for summary judgment,

---

[1] We have not yet addressed whether 28 U.S.C. § 1445(c), which precludes removal of claims arising under the worker's compensation laws of any state, applies when a plaintiff sues a non-subscriber under the Texas Worker's Compensation Act.  *See Gomez v. O'Reilly Auto. Stores, Inc.*, 283 F. Supp. 3d 569, 572 (W.D. Tex. 2017).  We do not address this issue here.  Improper removal under § 1445(c) is a procedural defect that requires the non-removing party to move for remand within thirty days.  *Williams v. AC Spark Plugs*

arguing that it owed no duty to accommodate Poux's medical restrictions, that it did not breach any duty owed to Poux, and that its alleged failure to accommodate Poux's restrictions was not the proximate cause of Poux's injuries. The district court granted Home Depot's motion for summary judgment, holding that Milligan failed to meet her burden of showing that Home Depot had a duty to accommodate Poux's health restrictions or raising a material fact dispute that Home Depot breached its duty to provide a reasonably safe work environment. Milligan timely appealed.

## II.    Standard of Review

We review a district court's grant of summary judgment de novo and apply the same standard as the district court. *Howell v. Town of Ball*, 827 F.3d 515, 521 (5th Cir. 2016). In so doing, "[w]e view all facts and evidence in the light most favorable to the non-moving party." *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015). Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "We may affirm for reasons other than those relied upon by the district court." *LLEH, Inc. v. Wichita Cty.*, 289 F.3d 358, 364 (5th Cir. 2002) (brackets omitted).

## III.    Discussion

Because Home Depot is a worker's compensation non-subscriber, Milligan must establish negligence by Home Depot to recover. *Werner v. Colwell*, 909 S.W.2d 866, 868 (Tex. 1995). To establish negligence, a plaintiff must prove that (1) the defendant had a legal duty, (2) the defendant breached that duty, and (3) damages proximately resulted from that breach. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (per curiam).

---

*Div. of Gen. Motors Corp.*, 985 F.2d 783, 786 (5th Cir. 1993). Milligan did not move to remand and therefore waived that right. We thus have jurisdiction regardless of whether removal was appropriate.

No. 19-20670

Milligan argues that "Home Depot had a duty to exercise ordinary care and abide by Poux's prior health care accommodations which it had been aware of." Texas law does impose a duty on employers to "use ordinary care in providing a safe workplace." *Elwood*, 197 S.W.3d at 794. But Home Depot argues that this duty does not require employers to accommodate employees' work restrictions. *See generally Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 213 (Tex. 2015) (holding that, despite rules limiting an employer's use of defenses based upon employee conduct, an employer owes no duty to an employee who was aware of the dangers associated with their job duties).

Assuming arguendo that the duty to provide a safe workplace requires employers to accommodate employees' health requirements,[2] we hold that Milligan failed to raise a material fact dispute as to whether Home Depot failed to accommodate Poux's work restrictions. Milligan argues that Home Depot did not adhere to Poux's work restrictions because it put Poux to work in the lumber department, which she contends is Home Depot's most physically strenuous department. While the lumber department does require some strenuous work, Milligan provided no evidence suggesting that Poux was required to do such work. The lumber department supervisor testified that the strenuous aspects of the job are lifting bags of concrete and loading wood into the back of customers' trucks. But Poux was indoors cutting lumber with a wood saw at the time of his stroke.[3] Milligan provided no evidence that cutting lumber with a wood saw contradicted Poux's doctor's recommendation that Poux do no work that required using more than twenty to thirty pounds of force.

---

[2] We do not decide whether an employer's duty to provide a reasonably safe workplace requires an employer to accommodate an employee's medical restrictions.

[3] While there is some dispute as to what exactly Poux was doing at the time of his stroke, we view the "facts and evidence in the light most favorable to" Milligan. *Ferraro*, 796 F.3d at 531.

4

Even if cutting lumber with a wood saw was outside of Poux's work restriction, he did not request assistance. Poux's coworker testified that employees have communication devices that they can use to call for help and that Poux did not use his device for help the day of the incident. An employer is not liable for injury that "results from the actions of [an] employee who voluntarily proceeds to do the work without assistance." *Adams v. Reynolds Tile & Flooring, Inc.*, 120 S.W.3d 417, 421 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

Milligan also suggests that Poux's doctor requested that he no longer work in the lumber department. However, no evidence supports that suggestion. The doctor only recommended that Poux no longer work as a supervisor in the lumber department, and Poux was working as a sales associate, not a supervisor. Thus, there is no evidence that Home Depot failed to accommodate Poux's work restrictions.

Lastly, Milligan claims that Home Depot's refusal to adhere to Poux's work restrictions is evident from the employee accident claim worksheet, which noted that "job restrictions" could prevent a reoccurrence of Poux's accident. But the worksheet did not identify what types of job restrictions could prevent a reoccurrence, nor did it state that Poux's work restrictions were not being followed. The record does not provide any evidence that Poux was working outside of his doctor's restrictions. Thus, even if Home Depot had a duty to accommodate Poux's work restrictions, Poux failed to raise a fact issue supporting the claim that Home Depot breached that duty. AFFIRMED.